**PRUDENTIAL PROPERTY & CASUALTY INSURANCE CO.**

v.

**Habib NAYERAHAMADI.**

Civ. A. No. 84–0881.

United States District Court,
E.D. Pennsylvania.

Aug. 24, 1984.

Walter P. Jenkins, Philadelphia, Pa., for plaintiff.

James Stover, Philadelphia, Pa., for defendant.

## MEMORANDUM

KATZ, District Judge.

This is a declaratory judgment action brought by Prudential Property & Casualty Insurance Co. ("Prudential"). Prudential is seeking to prevent the defendant, Habib Nayerahamadi, from claiming supplementary uninsured motorist benefits under a Prudential auto insurance policy. The parties have submitted stipulated facts and cross-motions for summary judgment.

According to the stipulated facts, Mr. Nayerahamadi had an accident while driving a friend's 1982 Honda Civic that was insured by Prudential. The other car involved in the accident was insured by Allstate. Mr. Nayerahamadi lodged a claim against the driver of the other vehicle; the claim was settled for $15,000, the limit on the other driver's Allstate insurance policy. As a condition of the settlement, Mr. Nayerahamadi executed a release discharging the other driver from all claims arising out of the accident.

Mr. Nayerahamadi seeks to recover underinsured motorist benefits from Prudential under the policy covering the car he was driving, which had $25,000 supplementary uninsured motorist (or "underinsured motorist") coverage. Prudential maintains that it is not required to pay any benefits because Mr. Nayerahamadi settled his claim against the other driver without obtaining Prudential's consent, in violation of the policy terms. Prudential also argues that if it is liable to Mr. Nayerahamadi for benefits, the maximum amount it can be required to pay is $10,000 (the difference between the $25,000 policy limit and the $15,000 Mr. Nayerahamadi received in settlement). These two arguments are discussed below.

*Consent-to-settle clause*

The Prudential policy at issue contains the following clause:

> Neither you, your legal representative, nor anyone else entitled to payment under this part may settle with anyone responsible for the accident without our consent. If, before we make payment under this part, you or your legal representative starts any legal action against anyone responsible for the accident, you or your legal representative must immediately send us a copy of the legal documents served relating to this action.

Prudential claims that Mr. Nayerahamadi's execution of a settlement and release with Allstate and the other driver, without its consent, violated this clause. Therefore, he should not be entitled to collect any benefits under the policy.

Defendant urges the court to invalidate the consent-to-settle clause because it would allow the insurance company to block settlements and thus evade liability for underinsured motorist benefits. The underinsured motorist clause contains the following restriction:

> We won't have to make any payments under this coverage until all the bonds and insurance policies which apply to the injury have been used up in paying court judgments or settlements.

Giving effect to the consent-to-settle clause would, defendant argues, put the insured in a "Catch-22" position since defendant could not collect underinsured motorist benefits without first settling with the tortfeasor, and could not settle without first obtaining the insurer's permission. Defendant argues that this conflict between the consent-to-settle clause and the insurer's obligation to pay underinsured motorist benefits creates an "ambiguity" in the policy that should be construed against the insurance company, and also that the consent-to-settle claim is contrary to public policy as expressed in Pennsylvania's uninsured motorist statute.[1]

Prudential counters that the consent-to-settle clause is necessary to protect its subrogation rights, which in this case were extinguished by Mr. Nayerahamadi's settlement with the tortfeasor.

■ Several courts have addressed the question of whether a consent-to-settle clause in an uninsured motorist policy is valid, and have reached different conclusions. *See* Annot., Uninsured Motorist Clause: Validity and Construction of Clause Excluding Liability Where Insured, Without Insurer's Consent, Makes a Settlement With, or Obtains Judgment Against, A Person Liable, 25 ALR3d. 1275. According to insurance law treatises, the majority of courts upheld such consent-to-settle clauses as reasonable protection of the insurer's subrogation rights. 8D *Appelman on Insurance* § 5132; 12A *Couch on Insurance* § 45:645. Those courts that hold consent-to-settle clauses void tend to take the position that such clauses would harm the insured by allowing the insurer to withhold consent whether or not it has any justification. I do not interpret these clauses as giving the insurer the absolute, unfettered right to withhold consent; rath-

er, an insurance company has a duty to consent to a reasonable settlement. *See* 12A *Couch on Insurance* 45:645 ("Generally prejudice must be found to defeat the insured's recovery for the failure to comply with the settlement provision. ... Normally, if a settlement is reasonable, the insurer must give its consent to such settlements"). An insurer may not use the clause to block settlement unreasonably.

I see no reason to hold that such clauses are per se void as contrary to public policy; but I also see no reason to allow Prudential to escape liability by invoking this clause unless it can demonstrate some prejudice to it resulting from defendant's failure to obtain Prudential's consent to the settlement. The issue is whether Mr. Nayerahamadi's settlement with Allstate and the other driver was reasonable. If it were reasonable, Prudential could not have withheld consent to the settlement, and thus would not have been prejudiced by Mr. Nayerahamadi's failure to obtain prior approval of the settlement. If there was no harm done to Prudential, the consent-to-settle clause should not block Mr. Nayerahamadi's recovery of benefits under the policy. This court is unable to determine whether Mr. Nayerahamadi's settlement with the other driver for his policy limit was reasonable since there is no evidence in this record as to the extent of defendant's damages or the financial responsibility of the underinsured tortfeasor. This issue is deferred to the decision of the arbitrators (see below).

*Offset of $15,000 settlement*

■ Prudential also argues that if it is liable to defendant for underinsured motorist benefits, it cannot be liable for more than $10,000 (the difference between the $25,000 policy limit and the $15,000 defendant obtained from Allstate). Defendant, on the other hand, claims that the $15,000

---

1. Without deciding whether the public policy of Pennsylvania's *un*insured motorist statute applies to cases of *under*insurance, I note that in any event the uninsured motorist statute expressly provides:

The coverage required by this section does not apply:

.   .   .   .   .

(2) To bodily injury sustained by the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor.

40 Pa.S.A. § 2000(e)

settlement should *not* be offset against the underinsured motorist policy limits and that he is entitled to the full $25,000.[2]

Defendant relies heavily on *Gullett v. Prudential P. & C. Ins. Co.*, 8 Phila. 181 (1982) in which the court upheld an arbitration decision that the insured's underinsured motorist benefits should not be reduced by the amount collected in an out-of-court settlement with the underinsured tortfeasor's insurance company. However, in *Gullett* the court examined the policy language and found that it "nowhere suggests that Gullett's underinsurance benefits are to be reduced or set-off by damages collected from the tortfeasor." 8 Phila. at 186. In contrast, the Prudential insurance policy involved here provides:

> The amount we agree to pay under this part will be reduced by an amount recovered from persons responsible for the accident, and for any amount provided under any workmen's compensation law, disability benefits law, or any similar law.

. . . . .

The policy language is unambiguous. Prudential's liability to Mr. Nayerahamadi for underinsured motorist benefits is limited in this case to a maximum of $10,000.[3]

*Arbitration*

■ Defendant has asked that this matter be submitted to arbitration in accordance with the policy arbitration clause:

> The actual amount we'll pay under this part of the policy will be determined by agreement between the insured person and us. If no agreement can be reached, the matter will be submitted for arbitration according to the provisions of the Pennsylvania Arbitration Act of 1927. Upon written demand of either party,

each party will select an arbitrator. If the two arbitrators can't agree on a third arbitrator within 30 days, at the request of either party, the court will appoint a third arbitrator. Within a reasonable time after selection of the third arbitrator, the arbitrators will decide the matter in question. The decision in writing of any two of the three arbitrators will be binding on both parties. (Etc.)

Since, as defendant notes, there has been no determination of the damages suffered by defendant in the accident—and since, in light of this Memorandum, a decision regarding the reasonableness of defendant's settlement with Allstate is also necessary in order to determine how much, if anything, Prudential owes Mr. Nayerahamadi—this court finds that the case should proceed to arbitration on those issues, if the parties themselves are unable to agree.

---

2. Mr. Nayerahamadi originally also claimed that he should be allowed to "stack" coverage for the four vehicles owned and insured by his friend, Mr. Shahriari. This argument appears to be foreclosed by the Pa. Supreme Court's decision in *Utica Mutual Ins. Co. v. Contrisciane*, 473 A.2d 1005 (Pa.1984) (no stacking of uninsured motorist benefits where claimant had not paid premiums and was not specifically intend-

ed beneficiary.) In his motion for summary judgment defendant did not raise this issue.

3. *Cf.* Memorandum Opinion of Judge vanArtsdalen in *Prudential Property and Casualty Ins. Co. v. Pont*, 489 F.Supp. 9 (E.D.Pa.1979) (no uninsured motorist benefits due to insured who had $15,000 worth of coverage and settled with the "uninsured" motorist for $15,000).