**Albert T. GALL, Plaintiff,**

v.

**UNITED STATES STEEL CORPORATION, Defendant.**

Civ. A. No. 83–982.

United States District Court,
W.D. Pennsylvania.

Dec. 3, 1984.

Joseph I. Lewis, Pittsburgh, Pa., for plaintiff.

James T. Carney, Pittsburgh, Pa., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ZIEGLER, District Judge.

(1) This is a civil action for pension benefits allegedly wrongfully withheld by United States Steel Corporation in violation of the Veteran's Reemployment Act. 38 U.S.C. § 2021(b)(1).

(2) Jurisdiction is based on 28 U.S.C. § 1331.

(3) Plaintiff, Albert T. Gall, contends that defendant, United States Steel Corporation, failed to properly calculate pension benefits when he retired on June 30, 1982 because plaintiff was an employee of defendant when he was inducted into the armed forces on September 14, 1943, and not a new employee when he returned to defendant's employ on April 2, 1946, following military service.

(4) Plaintiff testified that he was hired by defendant at the Duquesne Works on October 14, 1939; transferred to the Homestead Works on August 2, 1943; inducted into the armed forces on September 14, 1943; worked for defendant until September 17, 1943; served in the armed forces until February 1, 1946; returned to defendant's employ at the Duquesne Works on April 2, 1946; and retired on June 30, 1982. Thus, according to plaintiff, United States Steel Corporation improperly calculated his pension benefits when it utilized April 2, 1946 as the date of commencement of continuous employment.

(5) The term "continuous service" is important for pension purposes because an employee's pension is calculated from the last hiring date prior to retirement. *See* Defendant's Exhibit N at 69–70. The pension plan between defendant and the United Steelworkers of America provides that continuous service shall not be broken by qualified military service after May 1, 1940 if the employee is reemployed as required by law. *Id.* at 70. Thus, if the last hiring date of plaintiff prior to retirement was April 2, 1946, plaintiff's monthly pension of $852.29 is correct. On the other hand, if plaintiff was an employee of defendant prior to qualified military service, he is entitled to credit for the period from September 17, 1943 to April 1, 1946, and this credit, according to defendant's counsel, will produce an approximate monthly pension increase of $85.

(6) We find that plaintiff has established by a preponderance of the evidence

that Albert T. Gall was an employee of defendant when inducted into the armed forces on September 14, 1943 and therefore plaintiff was entitled by 38 U.S.C. § 2021(a)(A)(i) to "be restored to such position or to a position of like seniority, status, and pay ..." when he sought reemployment on April 2, 1946.

 (7) We find that plaintiff has established by a preponderance of the evidence that, when Albert T. Gall was reemployed by defendant on April 2, 1946, he was entitled by 38 U.S.C. § 2021(b)(1) to be "restored or reemployed without loss of seniority." Moreover, there is no longer any dispute that pension benefits, under the circumstances here presented, are protectible seniority rights under 38 U.S.C. § 2021(b). *Alabama Power Co. v. Davis*, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977).

(8) Congress has provided that an employee who is reemployed following service in the armed forces shall be entitled to "such status" the employee "would have enjoyed if such person had continued in such employment" from the time of entering the military service until the time of reemployment. 38 U.S.C. § 2021(b)(2).

(9) We find the evidence preponderates that Albert T. Gall was inducted for training and service on September 14, 1943, while employed by defendant, as required by 38 U.S.C. § 2021(a), although he did not report for basic training at Camp Meade until October 5, 1943.

 (10) We reject the motion that an employee who has been inducted, sworn and ordered to report within three weeks is not entitled to the protections of the Act. Congress did not intend to deny protection under such circumstances because an employee could be otherwise discharged by an employer, without recourse, merely because the employee had been inducted in the armed forces but had not reported for training.

(11) Having determined that plaintiff was entitled to the protections of the Act following his induction on September 14,

1943, we turn to the question whether plaintiff was an employee of defendant following induction. The records of defendant establish that plaintiff was an employee until September 17, when he allegedly was suspended, subject to discharge, for refusing an assignment and threatening a foreman. Plaintiff testified that the incident never occurred. Plaintiff further testified that he was unaware of any Act of Congress protecting employees when he left defendant's employ for training and service on September 17, 1943.

(12) The personnel records of defendant contain the following notation: "I want to get my pay at once. I hereby waive the 5 day notice of termination given me on 9/17/43. Albert Gall. September 20, 1943." The same exhibit notes: "9–20–43. Refused to do work assigned. Says he is going to the Army also." *See* Defendant's Ex. G. According to defendant, this evidence establishes that plaintiff waived his rights under the Act because plaintiff resigned rather than face discharge, and therefore was not an employee within the meaning of 38 U.S.C. § 2021.

 (13) We find that such evidence does not establish that Albert T. Gall waived his rights under the Act. Defendant had the right to discipline plaintiff prior to the date on which the protection of federal law became applicable because the alleged incident occurred on September 11, 1943. However, defendant delayed until after plaintiff was inducted and at that time Congress required that an employee must be restored to "such status" of employment and seniority that he "would have enjoyed if such person had continued in employment." To hold otherwise would permit an employer to schedule grievance and arbitration proceedings after the employee had reported for training and service. In short, neither defendant, nor the grievance machinery of the collective bargaining agreement, could deny plaintiff the rights granted by Congress.

 (14) We also find that such evidence does not establish a knowing waiver of the

protections of federal law. As rehearsed, plaintiff testified that he was unaware of the relevant statute and the records of defendant are devoid of evidence that defendant advised plaintiff of his rights under the Act. We cannot find a knowing waiver of important rights on this record. Congress has provided that the Act should be liberally construed, *Fishgold v. Sullivan Drydock Co.*, 328 U.S. 275, 285, 66 S.Ct. 1105, 1111, 90 L.Ed. 1230 (1946) and it strikes us as reasonable that a 20-year old employee, who is faced with the imminent departure for military service, may determine "to get my pay at once" rather than pursue a grievance while serving his country.

■ (15) We find no credible evidence that plaintiff was discharged from employment. Plaintiff was suspended on September 17, 1943. Defendant's Exhibit G is a termination notice dated September 20, 1943 but the document establishes that defendant did not proceed with adjudication of the alleged infraction. Accordingly, we find the evidence preponderates that Albert Gall was an employee of defendant who was entitled to the protections of federal law commencing on September 14, 1943 and that plaintiff neither resigned nor was discharged.

■ (16) Defendant's primary defense is laches. United States Steel Corporation contends that plaintiff unreasonably delayed in asserting credit for continuous service for the period from September 17, 1943 to April 2, 1946 because the company listed plaintiff's continuous service data in annual statements beginning in 1976; recited plaintiff's date of employment as April 2, 1946 on various seniority and promotional rosters beginning on July 1, 1974, and thereafter; and granted vacation time based on a date of employment of April 2, 1946 for over 20 years. However, defendant fails to distinguish between a claim for retroactive seniority and a claim for pension benefits. In *Alabama Power Co. v. Davis*, 383 F.Supp. 880, 892 (S.D.Ala.1974), *aff'd on other grounds*, 542 F.2d 650 (5th Cir.1976), 431 U.S. 581 (1977), the Supreme

Court countenanced a delay of 34 years in asserting a pension based claim. The law is now clear that a pension claim does not accrue until an employee retires. *Alabama Power Co., supra; Troiani v. Bethlehem Steel Corp.*, 570 F.Supp. 1140 (E.D. Pa.1983); *Letson v. Liberty Mutual Insur. Co.*, 523 F.Supp. 1221 (N.D.Ga.1981). We hold that Albert Gall's claim for pension benefits accrued on June 30, 1982, although he could have elected to start the clock running when the anticipatory breach occurred at the time that the earlier decisions were rendered.

■ (17) We find that plaintiff has sustained his burden of proving that he did not inexcusably or unreasonably delay in pursuing this claim and that defendant was not prejudiced. Plaintiff retired on June 30, 1982 and acted expeditiously in contacting the Department of Labor, and in filing suit on April 26, 1983. Suit within 10 months is neither inexcusable nor unreasonable. Also, defendant cannot contend that it was prejudiced for several reasons. First, Congress has provided that no statute of limitations, federal or state, shall apply to such actions, 38 U.S.C. § 2022, denouncing in the process the rule of *Gruca v. United States Steel Corp.*, 495 F.2d 1252 (3d Cir.1974) and *Carmalt v. General Motors Acceptance Corp.*, 302 F.2d 589 (3d Cir.1962). Second, defendant cannot argue that it suffered prejudice from June 30, 1982 to the date suit was filed. And third, even if we look to the pre-war period for prejudice, the records of defendant are adequate to present its contentions to the factfinder.

■ (18) We have purposely imposed the burden of disproving laches on plaintiff. We are mindful of the rule that the burden falls upon a defendant prior to expiration of the statute of limitations and on a plaintiff thereafter. In light of our ruling, we need not enter the thicket concerning whether the amendment by Congress, i.e., no statute of limitation shall apply to these claims, must be applied retroactively.

(19) In summary, we find that Albert T. Gall is entitled to credit for the period of military service as continuous service under the pension agreement between defendant and United Steelworkers of America. Plaintiff left defendant's employ as a laborer at the Homestead Works on September 17, 1943 and was reemployed as a laborer at the Duquesne Works on April 2, 1946. As stated by counsel for defendant at argument, service at various plants can be combined for the purpose of calculating continuous service and pension benefits. We find defendant's argument that plaintiff was a new employee following military service to be against the weight of the credible evidence.

(20) Judgment will be entered for plaintiff and against defendant for the appropriate monthly pension benefit, as well as judgment for plaintiff for the loss of past pension payments from June 30, 1982. Defendant will also be required to make future pension installments in accordance with these findings.