Kenneth E. **MURREY**, Plaintiff,

v.

**NATIONWIDE INSURANCE CO.**, Defendant.

**Civ. A. No. 86–281 MMS.**

United States District Court, D. Delaware.

*Nov. 23, 1987.*

---

Eliot Alazraki, of Eliot Alazraki, P.A., Wilmington, Del., for plaintiff.

Wayne N. Elliott, and W. Wade W. Scott, of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

Plaintiff, Kenneth Murrey, has filed suit to retroactively reform his Delaware automobile insurance policy with defendant, Nationwide Insurance Company, to provide for increased uninsured motorist coverage. Plaintiff contends that defendant's failure to comply with section 3902 of the Delaware Insurance Code, *Del. Code Ann.* tit. 18, § 3902 (1974 & Cum.Supp.1986), allows him to obtain reformation. Cross-motions for summary judgment are now before the Court.

## I. BACKGROUND

Plaintiff Murrey purchased a Delaware automobile insurance policy from Nationwide while a resident of Delaware. The policy provided $100,000 per person/$300,000 per accident bodily injury liability coverage and $10,000 per person/$20,000 per accident uninsured motorist ("UM") coverage.

On November 27, 1980, while driving Mr. Murrey's car with permission, Walter Lomax was killed in an accident in Pennsylvania, allegedly involving an uninsured automobile. Mr. Murrey was not in the car at the time of the accident. Although Mr. Murrey's contract with Nationwide was in effect on the date of the accident, he subsequently cancelled the policy.

The administrator of Lomax's estate filed suit against Nationwide in Pennsylvania state court on September 15, 1982. Nationwide removed the case to the Eastern District of Pennsylvania, which dismissed the suit and denied Mr. Murrey's motion to intervene. *Lomax v. Nationwide Insurance Co.*, No. 83–1621 (E.D.Pa. Jan. 30, 1985) (order denying motion to intervene).

The United States Court of Appeals for the Third Circuit affirmed. *Lomax v. Nationwide Insurance Co.,* 779 F.2d 43 (3d Cir. 1985) (mem.). On June 23, 1986, Mr. Murrey filed suit in this Court seeking to reform his contract to provide increased uninsured motorist coverage.

■ Section 3902 of the Delaware Insurance Code requires insurers to provide uninsured motorist coverage to Delaware residents and to offer policy holders certain minimum coverage.[1] Mr. Murrey maintains Nationwide violated the statute by failing to offer him increased uninsured motorist benefits, and he, therefore, may reform his policy retroactively to provide for increased UM coverage.

Plaintiff and defendant have both filed motions for summary judgment. Plaintiff Murrey maintains that the statute of limitations does not bar his claim, contrary to Nationwide's affirmative defense assertion. Plaintiff also moves for summary judgment on Nationwide's failure to comply with the offer of increased UM coverage required by section 3902. Defendant Nationwide requests summary judgment that if the policy is reformed, the policy coverage limits are $100,000/$300,000 and not $300,000/$300,000 as claimed by plaintiff.

Nationwide also asserts plaintiff lacks the necessary standing to bring this suit and that collateral estoppel bars the plaintiff's claims.

## II. MOTIONS BY PLAINTIFF MURREY

### A. Statute of Limitations

Plaintiff seeks summary judgment that his claim is not barred by the statute of limitations as asserted by Nationwide as an affirmative defense. The following dates are relevant to the determination of the statute of limitations issue:

July 21, 1980—Nationwide alleges that it sent a mailer to Murrey informing him of the availability of increased UM benefits.

November 17, 1980—Walter Lomax, Jr., had a fatal accident while driving plaintiff's car.

September 15, 1982—Walter Lomax's estate filed suit in Pennsylvania.

February 22, 1984—Nationwide denied in writing plaintiff's request for retroactively increased UM benefits.

June 23, 1986—Plaintiff filed suit in Delaware.

Both plaintiff and defendant agree that the three-year limit in *Del.Code Ann.,* tit.

---

1. The statute in effect at the time of the accident (the 1974 statute as amended in 1978) reads in pertinent part:

(a) *No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any such vehicle registered or principally garaged in this State unless coverage is provided* therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or hit-and-run motor vehicles for bodily injury, sickness or disease, including death, or personal property damage resulting from the ownership, maintenance or use of such uninsured or hit-and-run motor vehicle. Except, that no such coverage shall be required in or supplemental to a policy where rejected in writing, on a form furnished by the insurer describing the coverage being rejected, by an insured named therein, or upon any renewal of such policy unless the coverage is then requested in writing by the named insured. The coverage herein required may be referred to as "uninsured vehicle coverage."

(b) The amount of coverage to be so provided shall not be less than the minimum limits for bodily injury, death and property damage liability insurance provided for under the motorist financial responsibility laws of this State. The coverage for property damage shall be subject to a $250 deductible for property damage arising out of any 1 accident unless the insurer and the insured agree in writing to a different deductible. Each insured shall be offered the option to purchase additional coverage for personal injury or death up to a limit of $300,000 but not to exceed the limits for personal injury set forth in the basic policy.

As used herein, the term "property damage" shall include the loss of use of a vehicle. *Del.Code Ann.* tit. 18, § 3902(a), (b) (1974 & Cum.Supp.1986) (amended 1982, 1984).

The Court must apply the law as it existed at the time of the accident, and not apply retroactively subsequent changes in § 3902. *Whaley v. Allstate Insurance Co.,* 595 F.Supp. 1023, 1027 (D.Del.1984).

10, § 8106 (1974) applies, although they disagree about date of accrual. Plaintiff also contends section eight of the insurance contract requires the Court to use the statute of limitations of the state in which the accident occurred, and the six-year limit in 42 Pa.Cons.Stat.Ann. § 5527(2) applies. Nationwide argues that section eight of the insurance contract does not apply because it governs only legal actions, not an action in equity for reformation. In addition, Nationwide maintains that Delaware law requires the use of the Delaware limitation period in section 8106 and not the Pennsylvania limitation period. Because the Court finds that plaintiff's action is timely under either statute of limitations, it declines to reach the issue of which statute of limitations applies.

The Court will first consider the Delaware statute of limitations. The Supreme Court of Delaware has held that a suit for recovery of UM benefits, such as this one, is an action in contract and governed by the three-year limitation period in *Del. Code Ann.*, tit. 10, § 8106. *Allstate Insurance Co. v. Spinelli*, 443 A.2d 1286, 1289–90 (Del.1982). Following contract law principles, the court in *Spinelli* held that because a cause of action accrues when the contract is breached, an action for UM benefits arises when the insurer denies the claim for UM benefits and so informs the insured. *Id.* at 1292.

Although *Spinelli* concerned the total denial of UM benefits, rather than the denial of increased benefits sought by Murrey, the principle remains the same. In both, the insured seeks to obtain UM benefits under the contract, and the parties dispute the entitlement to benefits.

Plaintiff maintains that accrual occurred on February 22, 1984, the date that Nationwide denied in writing Murrey's request of February 17, 1984 for retroactively increased UM benefits. Nationwide responds by arguing that accrual might have occurred on any of three dates—July 21, 1980 when Nationwide sent the mailer, which if statutorily insufficient, breached the contract; September 15, 1982 when Lomax's estate filed suit in Pennsylvania; or

as plaintiff contends, on February 22, 1984 when Nationwide denied Murrey's request for increased benefits.

Under the summary judgment standard established by the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986), the movant is entitled to summary judgment if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Nationwide has urged the statute of limitations as an affirmative defense, *see* Defendant's Second Amended Answer at ¶ 16, and, therefore, bears the burden of proof on this issue.

The date of accrual of the statute of limitations is an essential element of the statute of limitations defense. Speculation as to the date of accrual of the statute of limitations is insufficient. Under the *Celotex* standard and the law established in *Spinelli*, Nationwide has not provided evidence of a denial of benefits or communication of this denial on any date other than February 22, 1984. Nationwide has failed to establish that Murrey's cause of action accrued more than three years prior to the filing of the claim. If Delaware law applies, Murrey is entitled to summary judgment.

The Court will now consider the timeliness of plaintiff's action if Pennsylvania law applies, as urged by plaintiff. Section eight of the contract between plaintiff and defendant provides that any legal action concerning UM coverage against Nationwide must "begin within the time limit allowed for bodily injury or death actions in the state where the accident occurred." Plaintiff's Appendix at A–15. The Superior Court of Pennsylvania has held that an action by the insured to recover UM benefits from the insurer is essentially an action in contract, and that the six-year statute of limitations in 42 Pa.Cons.Stat.Ann. § 5527(2) applies. *Boyle v. State Farm Mutual Automobile Insurance Co.*, 310 Pa.Super. 10, 456 A.2d 156, 157 (1983); 42 Pa.Cons.Stat.Ann. § 5527(2) (1981) (amended 1982). The court in *Boyle* also held that under Pennsylvania law a cause of action

for UM benefits accrues when "(1) the insured was in a motor vehicle accident, and (2) the insured sustained bodily injury as a result of that accident, and (3) the insured knows of the uninsured status of the other owner or operator." *Id.* 456 A.2d at 162.[2]

Even if Murrey's cause of action accrued on November 17, 1980, the date of the accident, this was less than six years before Murrey filed suit on June 23, 1986. If section 5527 applies, this suit is not barred.

Plaintiff's action is timely under either the Pennsylvania or Delaware statute of limitations. Summary judgment on this issue, therefore, will be granted to the plaintiff. The statute of limitations does not bar his claim.

### B. Failure by Nationwide to Adequately Inform Under 18 Del.Code § 3902

▪ Murrey also moves for summary judgment on the issue that Nationwide failed to adequately inform him of the availability of increased UM coverage as mandated by *Del.Code Ann.*, tit. 18, § 3902.

Section 3902, as in effect at the critical time, required that insurance companies offer each insured the option of purchasing additional UM coverage.[3] Nationwide maintains that on July 21, 1980 it sent a mailer to Murrey informing him of the availability of additional UM coverage. Defendant's Appendix at A–6. Plaintiff alleges that he never received the mailer, although his deposition suggests that he may have forgotten receiving it or that his

wife may have received it. Defendant's Appendix at A–39–46.

Plaintiff asks the Court to declare that Nationwide's notification by mailer is legally insufficient. The Court is unable to do so for two reasons. First, the dispute concerning Murrey's receipt of the mailer raises a question of fact. Second, neither party has made the mailer of July 21, 1980 part of the record. The Court cannot decide whether the mailer is legally sufficient without being able to review it.

Plaintiff's motion for summary judgment on the adequacy of notice by Nationwide under section 3902 will be denied.

### III. MOTIONS BY DEFENDANT NATIONWIDE

#### A. Policy Coverage Limits

▪ Nationwide requests summary judgment on the issue that, if plaintiff is allowed to reform, the bodily injury limits contained in the basic policy determine the maximum possible reformation.

Murrey's policy with Nationwide in effect at the time of the accident provided for bodily injury liability coverage in the amount of $100,000 per person/$300,000 per accident, and uninsured motorist coverage for $10,000/$20,000.[4] Defendant's Appendix at A–2. Section 3902 requires that coverage be offered "up to a limit of $300,-000, but not to exceed the limits for personal injury set forth in the basic policy."

Plaintiff alleges that, if Nationwide had informed him properly, he would have increased both his liability and his UM cover-

2. Effective February 18, 1983 Pennsylvania amended its statutes to provide a four-year limitations period for actions on contracts in writing. 42 Pa.Cons.Stat.Ann. § 5525(8) (Supp. 1987). The law was passed on December 20, 1982 and became effective 60 days later. JARA Continuation Act of 1982, No. 326, Art. IV, § 401, 1982 Pa.Laws 1409, 1440–41. The act provided that amendments "shall apply only to causes of action which accrue after the effective date of this act." *Id.*, § 403. Under either the old or the current law and regardless of whether Murrey's cause of action accrued in 1980, 1982, or 1983, his cause of action was filed timely. If, under Pennsylvania law, the cause of action accrued on November 17, 1980, the date of the accident, or on September 15, 1982, the date Lomax filed suit in Pennsylvania, then

the six-year limitation period was in effect. The four-year limitation period applies to actions accruing after February 18, 1983. If for some reason, Murrey discovered the uninsured status of the driver after February 18, 1983, he still filed his action within four years of that date. In any event, the action was timely under Pennsylvania law.

3. *See* footnote 1, *supra* for the text of § 3902.

4. Policy limits will hereinafter be stated in terms of thousands of dollars with the per person coverage preceding the per accident coverage. For example, Murrey's policy provided 100/300 in bodily injury liability coverage.

age to 300/300. Plaintiff maintains that because Nationwide failed to comply with section 3902, he may reform his contract to provide for 300/300 in liability and 300/300 in UM coverage.

In a diversity case the Court must look to the relevant state law. *See O'Hanlon v. Hartford Accident and Indemnity Co.,* 522 F.Supp. 332, 335 (D.Del.1981), *aff'd without op.,* 681 F.2d 806 (3d Cir.1982). The Court must examine the language of section 3902 and Delaware court rulings to determine whether the maximum reformation would be 100/300 UM coverage, or 300/300 UM coverage.

In *State Farm Mutual Automobile Insurance Co. v. Arms,* 477 A.2d 1060, 1065–66 (Del.1984), the Supreme Court of Delaware explicitly held that breach of the section 3902(b) duty to offer increased UM coverage, "resulted in an implied extension of a continuing offer of additional uninsured motorist coverage to the extent of the *lesser* of $300,000 or the bodily injury limits in [the] policy" (emphasis added). Because the insured in *Arms* had 100/300 liability coverage, the court found it proper to increase his UM coverage to 100/300. *Id.* at 1062, 1066. *See also Home Insurance Co. v. Maldonado,* 515 A.2d 690, 692 n. 4 (Del.1985) (citing *Arms* decision).[5]

The Court, therefore, finds that, if reformation is allowed, under Delaware law Murrey may reform his contract to provide a maximum of $100,000 per person/$300,000 per accident uninsured motorist coverage, the amount of bodily injury liability coverage in his basic policy.

## B. Standing

■ Nationwide asserts plaintiff lacks the requisite standing under Article III to bring suit in federal court. According to Nationwide, the United States Supreme Court decisions in *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983), and *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982), require that plaintiff suffer a personal injury in order to bring any kind of suit in federal court. Because Mr. Murrey suffered no financial loss and any monies derived from reformation of the contract would go to Walter Lomax's estate, Nationwide argues plaintiff suffered no injury.

Nationwide's standing argument misses the mark because, upon close analysis, what is presented is not a standing question. The Court is not deciding the ability of a taxpayer to contest the unconstitutional disposal of federal property, *see Valley Forge,* 454 U.S. at 476, 480, 102 S.Ct. at 762–763, or the availability of injunctive relief under 42 U.S.C. § 1983, *see Lyons,* 461 U.S. at 97–98, 103 S.Ct. 1662–63, or the existence of a private right of action under a federal statute, *see Cort v. Ash,* 422 U.S. 66, 68, 95 S.Ct. 2080, 2083, 45 L.Ed.2d 26 (1975).

In the instant case, the Court is exercising its diversity jurisdiction and is adjudicating questions of state law, not constitutional law or federal statutory law. Plaintiff accurately characterizes his claim as arising from Nationwide's alleged breach of its statutory duty under section 3902 of the Delaware Insurance Code. The Court must look to Delaware law to determine whether this duty was breached and whether the insurance contract between Murrey

---

**5.** Subsequent to the *Arms* decision, the Delaware Superior Court examined the limits of policy reformation under section 3902. Without addressing the Supreme Court opinion in *Arms,* the Superior Court examined a claim for *under* insured motorist coverage and found a continuing duty under section 3902 to offer coverage of $300,000 per *person. Burton v. Nationwide Mutual Insurance Co.,* No. 82C–JA–116, slip op. at 2 (Del.Super. Jan. 2, 1986). The Court finds this decision to be unpersuasive in light of the Supreme Court's controlling opinion in *Arms.* In 1987 the Superior Court held that

an insurance broker had no statutory duty under section 3902, as amended after 1980, to encourage increased liability coverage so that the insured could obtain increased UM coverage. *Hicks v. State Farm Mutual Automobile Insurance Co.,* No. 85C–JL–39, slip op. at 5–7 (Del.Super. Mar. 30, 1987) [Available on WESTLAW, 1987 WL 8889]. The instant case, however, falls squarely under the holding of the Delaware Supreme Court in *Arms* concerning claims for UM coverage under the unamended version of section 3902.

and Nationwide should be reformed; Article III standing is not implicated.

Courts have consistently found that an action under section 3902 for UM coverage is grounded in contract law. Using contract law principles, the court in *O'Hanlon* held that an insurance company's failure to make the offer of increased UM coverage mandated in section 3902 resulted in a continuing offer to the insured of the increased coverage and permitted reformation of the insurance contract to the extent of the mandated offer. 522 F.Supp. at 335. The Delaware Supreme Court adopted the reasoning in *O'Hanlon* in its *Arms* decision. 477 A.2d at 1064.

Further, in deciding the applicable statute of limitations, the Delaware Supreme Court held that, although a tort has been committed and injury results, a claim for UM benefits is based on the insurance contract, and not on injuries sustained. *Spinelli*, 443 A.2d at 1290. The court found that recovery of UM benefits is not an action in tort for negligently imposed injuries. *Id.* The court used contract law principles to determine the nature of the contract breach giving rise to a cause of action. *Id.* at 1292. Murrey has a claim against Nationwide and may reform his contract if the defendant breached its statutory duty. Because the action is grounded in contract law, the breach by Nationwide, not any injury to Murrey, creates the cause of action. As stated by the court in *Spinelli*, because the plaintiff acts upon his insurance contract in actions for UM coverage, "[t]he personal injuries suffered by a plaintiff are thus not the basis of the cause of action but merely the basis for measuring the damages sustained." 443 A.2d at 1290 (quoting Chancellor Marvel). Accordingly, because plaintiff's action for reformation is grounded in contract law, he need not establish injuries in order to bring a claim in this Court based on section 3902.

Defendant's motion for summary judgment based on a lack of Article III standing will be denied.

## C. Collateral Estoppel

■ Nationwide argues plaintiff is collaterally estopped from asserting a right to increased UM coverage by the denial of Murrey's motion to intervene in *Lomax v. Nationwide Insurance Co.*, C.A. No. 86–1621 (E.D.Pa.1985).

The Eastern District of Pennsylvania judge denied Murrey's motion to intervene without opinion. *Lomax v. Nationwide Insurance Co.*, No. 86–1621 (E.D.Pa. Jan. 30, 1985) (order denying motion to intervene). In affirming that decision, the United States Court of Appeals for the Third Circuit stated in an unpublished memorandum opinion that "[s]ince Murrey has not demonstrated that he has significant individual interests that are not adequately represented in this case, the trial court properly denied him permission to intervene as of right under Rule 24(a)." *Lomax v. Nationwide Insurance Co.*, No. 85–1135, mem. op. at 7 (3d Cir. Oct. 31, 1985) [779 F.2d 43 (table)]. The appellate court also upheld the district court's denial of permissive intervention as untimely. *Id.* at 7–8.

In order for plaintiff to be collaterally estopped, the defendant must establish that the same issue of fact to be determined here was previously litigated. *Dofflemyer v. W.F. Hall Printing Co.*, 558 F.Supp. 372, 380 (D.Del.1983). Under Fed.R.Civ.P. 24 a court must grant a motion to intervene of right if the applicant states a claim and disposition of the action will prevent applicant from protecting his interest, unless the interest is adequately represented in the existing litigation. Nationwide asserts the issue litigated in Pennsylvania is the sufficiency of Murrey's standing to assert a claim based on section 3902 of the Delaware Insurance Code. Plaintiff Murrey contends this issue was not before the *Lomax* court, and the denial of his motion to intervene was based on the adequacy of the representation of his interests by the parties.

The Court is unable to declare that the same claim at issue here was previously litigated. The denial of the motion to intervene by the district court does not specify its reasoning. The Third Circuit's memorandum opinion accompanying the affirmance order is similarly general concerning

the basis for affirmance. In addition, because neither party has made Murrey's motion to intervene in *Lomax* part of the record, the Court does not know the grounds Murrey asserted in his motion.

Based on the record, defendant's motion for summary judgment relating to collateral estoppel will be denied.

## IV. CONCLUSION

Plaintiff's motion for summary judgment will be granted with respect to his claim's survival of the statute of limitations, but denied with respect to the statutory adequacy of Nationwide's notice. Defendant's motion for summary judgment with respect to maximum limits of uninsured motorist coverage if reformation is allowed will be granted; but defendant's motions for summary judgment on plaintiff's lack of standing and on collateral estoppel will be denied.

The Court will enter an order granting in part and denying in part both parties' motions for summary judgment.