**Nancy Diane WHEELER, Plaintiff,**

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Defendant.**

Civ. A. No. 90–2419.

United States District Court,
E.D. Pennsylvania.

Aug. 1, 1990.

Susan B. Bolno, Bernard L. Kulbert and Assoc., Philadelphia, Pa., for plaintiff.

Edward J. Carney, Jr., Media, Pa., for defendant.

MEMORANDUM

NEWCOMER, District Judge.

This is a case involving an underinsured motorist policy. The defendant Nationwide's Petition for Declaratory Judgment and Motion for Summary Judgment ask for a declaration of rights and obligations and judgment as a matter of law. For the reasons stated below, the motion is DENIED, and a declaratory judgment cannot yet be made upon the stipulated facts of the record before the court.

## I. *Factual and Procedural History*

Plaintiff Nancy Wheeler was involved in an automobile accident on November 30, 1984, in Pennsylvania, receiving serious injuries. In October of 1986, Wheeler settled with the other driver's insurance company for $15,000, which was the full extent of the other driver's coverage.

Wheeler had a policy of underinsured motorist coverage with defendant Nationwide Mutual Insurance Co., issued on September 20, 1984. After settlement with the other driver's insurance company, Wheeler put Nationwide on notice of her own underinsured motorist claim pursuant to her policy. Wheeler then filed suit against Nationwide by writ of summons in Philadelphia County Court of Common Pleas on November 23, 1988. After Nationwide failed to appoint an arbitrator as provided for in plaintiff's insurance policy, Wheeler moved to Compel the Appointment of an Arbitrator and to Compel Arbitration, on March 21, 1990, in Common Pleas Court.

On April 9, 1990 Nationwide removed the action to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1441. Nationwide later filed both a Petition for Declaratory Judgment under 28 U.S.C. § 2201 and a Motion for Summary Judgment, asking the court to declare the legal relationship between Nationwide and Wheeler, and make a judgment on the case as a matter of law. Nationwide contends that Wheeler forfeited her right to coverage because: (1) the statute of limitations extinguished her claim; (2) the equitable defense of laches bars her claim; (3) she failed to fulfill the insurance policy's "consent-to-settle" clause. Nationwide contends that this forfeiture relieves it of any duty to Wheeler, and thus it has no obligation to participate in arbitration.

## II. *Standard of Review*

A trial court may enter summary judgment if, after review of all evidentiary material in the record, there is no genuine issue as to any material facts, and the moving party is entitled to judgement as a matter of law. *Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir.1983); *Bank of American Nat'l Trust and Sav. Ass'n. v. Hotel Rittenhouse Associates*, 595 F.Supp. 800, 802 (E.D.Pa.1984). Where no reasonable resolution of the conflicting evidence and the inferences therefrom, when viewed in a light most favorable to the non-moving party, could result in a judgment for the non-moving party, the moving party is entitled to summary judgment. *Tose v. First Pennsylvania Bank, N.A.*, 648 F.2d 879, 883 (3d Cir.), *cert. denied*, 454 U.S. 893, 102 S.Ct. 390, 70 L.Ed.2d 208 (1981); *Vines v. Howard*, 676 F.Supp. 608, 610 (E.D.Pa.1987).

## III. *Discussion*

The threshold question is whether this court, rather than an arbitration hearing, is the proper forum for determining whether Wheeler is covered by Nationwide's underinsured motorist policy.

The rule in Pennsylvania is that a dispute over coverage is for judicial determination when the arbitration provision of the policy concerns questions about the insured's fault and liability. *Myers v. State Farm Mutual Ins. Co.*, 842 F.2d 705, 708 (3d Cir.1988); *Nonemacher v. Aetna Cas. & Sur. Co.*, 710 F.Supp. 602, 604 (E.D.Pa. 1989).

The arbitration agreement in question states in pertinent part: "If we and the *insured* do not agree about the insured's right to *recover* damages or the *amount* of damages, the following arbitration procedure will be used...." (emphasis added). (Defendant's Petition for Declaratory Judgement, Exhibit A, Endorsement 1608).

This provision applies only to liability and amount, and not coverage. *See Myers*, 842 F.2d at 707. Whether Wheeler is an "insured", a question of coverage, requires a judicial determination that precedes any arbitration. *See Myers*, 842 F.2d at 708.

The next issue is whether Wheeler's action is barred by the applicable statute of limitations.

The relationship between Wheeler and Nationwide is one created by an express written contract—Wheeler's insurance policy with Nationwide. *Boyle v. State Farm Mut. Auto. Ins. Co.*, 310 Pa.Super. 10, 456 A.2d 156, 159 (1983). The legislature has established four years as the statute of limitations in actions on express, written contracts, 42 Pa.Cons.Stat.Ann. § 5525(8) (Purdon 1981 & Supp.1990) and the courts of Pennsylvania have found this to be applicable to insurance contracts. *Boyle*, 456 A.2d at 159 (citing *Marshall v. Aetna Casualty and Surety Co.*, 643 F.2d 151 (3d Cir.1981)); *see Murrey v. Nationwide Ins. Co.*, 674 F.Supp. 154, 158 n. 2 (D.Del.1987).

The salient question is thus at what time Wheeler's claim accrued so as to begin the four year limitation period. As previously stated, Wheeler's action for underinsured motorist coverage is essentially an action to enforce contract. The right to bring such an action does not accrue until a party's contractual rights are vested. *Boyle*, 456 A.2d at 162. In *Boyle*, the Pennsylvania Superior Court stated that these rights have vested in uninsured motorist cases when the following criterion are met: (1) the accident has occurred; (2) the plaintiff has been injured; (3) the plaintiff knows that the defendant was an uninsured motorist. *Boyle*, 456 A.2d at 156. After these three events occur, the statute of limitations commences. *Id.* These criterion apply also to underinsured motorist cases.

■ I find that Wheeler's underinsured motorist claim accrued on October 21, 1986, when Wheeler settled with the underinsured tortfeasor's insurance company for the full limits of that policy. Unlike an uninsured motorist case where the issue of whether a motorist has coverage at all is easily determined, the question of whether an insured motorist has *enough* coverage is not. This court holds that it is only at the time that Wheeler actually settled for $15,000 with the underinsured motorist's insurance company on October 21, 1986 that the status of the situation as one involving an underinsured motorist was definitely ascertainable. *See* J. Ronca, L. Sloane, J. Mundy, Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law § 6:14 (1986). Thus Wheeler had until October, 1990 to toll the limitation period. She did so in March, 1990 when she moved to compel arbitration. *See Boyle*, 456 A.2d at 162–63.

■ In their Petition for Declaratory Judgment, Nationwide also asserts that the equitable doctrine of laches bars Wheeler's claim against it. Laches is a failure to assert one's rights in a timely and diligent manner, resulting in prejudice to the opposing party. *Western Pa. Water Co. v. Board of Prop. Assessment*, 124 Pa. Commw.Ct. 133, 555 A.2d 1357, 1362 (1989). The burden of establishing laches falls upon the defendant if the statute of limitations concerning the action has not yet expired. *Gall v. U.S. Steel Corp.*, 598 F.Supp. 769, 773 (W.D.Pa.1984).

■ Nationwide has not adequately established laches as a bar to Wheeler's underinsured motorist claim. First, Nationwide has not shown that Wheeler acted without due diligence. Wheeler moved to compel the appointment of an arbitrator and to compel arbitration well within the four year statute of limitations applicable to claims under Wheeler's insurance policy with Nationwide.

Secondly, Nationwide does not show that they were prejudiced by Wheeler's delay. Nationwide says that Wheeler's file was purged on August 15, 1987. (Defendant's Petition for Declaratory Judgement at 3). It is true that records lost or unavailable in anticipation that a party will not pursue a particular claim can be prejudicial. *Richland Township Planning Comm'n. v. Bobiak*, 122 Pa.Commw.Ct. 624, 552 A.2d 1143, 1146 (1989). However, Nationwide's

purging of Wheeler's file within only three years after the accident occurred was unreasonably premature. Under these circumstances, the purging does not constitute prejudice, and the court finds that Wheeler's suit is not barred by laches.

Finally, Nationwide contends that Wheeler is barred from bringing a claim because she did not obey her policy's "consent-to-settle" clause. Wheeler did not obtain Nationwide's consent to her settlement with the underinsured driver's insurance company. Under the terms of the underinsured motorist policy, Nationwide contends that this failure removes Wheeler from coverage.[1]

Nationwide cites *Cotton v. Insurance Co. of N. Am.*, 344 Pa.Super. 602, 497 A.2d 254 (1985) to support their argument that the insurer need not pay the insured if the insured settled without the insurer's consent. However, *Cotton* involved an uninsured motorist case where the "consent-to-settle" clause is mandated by The Uninsured Motorist Act, Pa.Stat.Ann. tit. 40, § 2000(e)(2) (Purdon 1971). The Act provides for such clauses only with respect to "coverage required by this section". *Id.* Underinsured motorist coverage is *not* required by the Uninsured Motorist Act.[2]

■ This court finds the reasoning of *Prudential Property & Casualty Ins. Co. v. Nayerahamadi*, 593 F.Supp. 216, 218 (E.D.Pa.1984) persuasive. In *Prudential*, the court found that consent-to-settlement clauses do not give insurance companies an unfettered right to withhold consent; the insurance company has a duty to consent to a reasonable settlement. Thus, these clauses ought not to allow the insurance company to escape liability unless the insurance company can demonstrate that it has been prejudiced. *Id.; see also Tucker*

*v. Seward*, 400 So.2d 505, 506–07 (Fla.Dist. Ct.App.1981).

Thus the question for this court concerning Wheeler's violation of the consent-to-settle clause is whether her $15,000 settlement with the other motorist's insurance company prejudiced Nationwide.

In determining whether Nationwide was prejudiced by the settlement, the court must first examine whether the settlement was reasonable, since Nationwide has a duty to accept reasonable settlements. In *Prudential,* the court deferred this same issue to arbitrators because there was no evidence of the settlement's reasonableness from the record. *Prudential,* 593 F.Supp. at 218. In this case, however, we have evidence that the $15,000 settlement represented the limits of the other motorist's coverage. Plaintiff's Motion to Remand Action at 1; Defendant's Answer to (Plaintiff's Motion to Remand Action at 1). This appears to be a reasonable settlement, and Nationwide has offered no evidence to the contrary. Because Nationwide has a duty to accept reasonable settlements, it is not prejudiced by this one, even if they did not officially consent to it beforehand. *See Prudential* 593 F.Supp. at 218.

In its Legal Memorandum in support of its Motion For Summary Judgment, Nationwide contends they are prejudiced because Wheeler signed a general release with the other motorist, thus forfeiting Nationwide's subrogation interests. However, Nationwide does not articulate how this release prejudices them. It does not specify the terms or conditions of the release, and does not indicate how solvent the underinsured motorist is. This general release is not supported with affidavits by Nationwide, and in deciding motions for summary judgment, all evidence must be examined in a light most favorable to the

1. Nationwide's policy with Wheeler reads in pertinent part: "[The policy] does not apply to bodily injury of any insured if he or a legal representative settles, without our written consent, with anyone who may be liable for the injury." *See* "Exhibit A", Nationwide's Complaint for Declaratory Judgement, Insurance Policy at 10.

2. The Uninsured Motorist Act applies to this case. Wheeler's policy was issued on September 20, 1984—before the October 1, 1984 effective date of The Financial Responsibility Law, 75 Pa.Cons.Stat.Ann §§ 1701–36 (which does mandate underinsured as well as uninsured motorist coverage). The court also notes that the new Financial Responsibility Law does not include a provision mandating consent-to-settle clauses.

non-moving party (Wheeler). This court holds that whether Nationwide was prejudiced is still a genuine issue of material fact, and therefore must deny Nationwide's Motion for Summary Judgment. Since the issue of whether Nationwide was prejudiced is still an issue of material fact, the court cannot yet declare the legal rights and relationship between the parties concerning the issue of coverage, and accordingly, shall deny Nationwide's petition for Declaratory Judgment.