## Buhl v. Allstate Insurance Co.

C.P. of Chester County, no. 98-08114.

*Lawrence J. Goldberg,* for plaintiffs.
*Daniel S. Doyle,* for defendant.

SANCHEZ, *J.,* March 15, 2000—Plaintiffs request that this court estop the defendant, Allstate Insurance Company, from asserting the statute of limitations defense and allow plaintiffs to pursue their underinsured motorist claim. Plaintiffs contend that a four-year statute of limitations is inapplicable. In the alternative, if it does apply, the ongoing negotiations and communica-

tion with Allstate tolls the statute of limitations. Defendant contends that a four-year statute of limitations applies to this cause of action because it is a claim based on contract law.

There are three issues before this court. The first is whether a four-year statute of limitations applies to an underinsured motorist claim against plaintiffs' own insurance carrier, Allstate Insurance Company. Second, if the statute of limitations does apply, the date when the statute began to run. Third, whether any actions or communications have transpired which would toll the applicable statute of limitations.

## STATEMENT OF FACTS

Plaintiff Mrs. Jane Buhl incurred personal injuries in an automobile accident on November 20, 1991. She and her husband brought an action against the tort-feasor which was settled on March 9, 1994 for $25,000, the policy limit with the tort-feasor's insurance carrier. At the time of the accident, the Buhls had uninsured/underinsured motorist coverage with Allstate with limits of $25,000 stacked by three vehicles. On March 9, 1994, Allstate consented to the underlying settlement with the tort-feasor. On April 11, 1994, counsel for Mrs. Buhl forwarded her medical records to Allstate's underinsured motorist adjuster for review. Shortly thereafter, on July 19, 1994, Allstate made a $7,500 settlement offer which the Buhls rejected.

Plaintiffs' counsel sent Allstate additional medical records in June 1997 and in July 1997. On October 1, 1998, plaintiffs' counsel filed a petition for the appoint-

ment of an arbitrator. In response, Allstate raised the statute of limitations defense. Plaintiff contends that the four-year statute of limitations is inapplicable because Allstate failed to inform them prior to October 1, 1998 that they intended to apply a four-year statute of limitations to underinsured claims. Plaintiffs maintain that Allstate misled them into believing that settlement negotiations were ongoing. Plaintiffs did not file a request for an appointment of an arbitrator due to ongoing negotiations and discussions with the Allstate adjusters.

## DISCUSSION

This court finds that the underinsured motorist claim is an action based in contract law to which a four-year statute of limitation applies. Uninsured and underinsured motorist claims are contract actions and, therefore, a four-year statute of limitations for contracts governs. *Boyle v. State Farm Mutual Automobile Insurance Company*, 310 Pa. Super. 10, 456 A.2d 156 (1983). The parties' rights and obligations are derived from the insurance contract. The defendant is the insurance carrier, not the tort-feasor. An underinsured motorist claim, therefore, is an action based in contract law and the statute of limitations governing contracts applies. See *Boyle, supra.*

Plaintiffs' assertion that a four-year statute of limitations is inapplicable due to their lack of awareness of the insurance carrier's policy is without merit. The Superior Court has clearly stated that a four-year statute of limitations applies to underinsured motorist claims since it is an action based on contract law. *Wheeler v. Nationwide Mutual Insurance Co.*, 749 F. Supp. 660 (E.D. Pa. 1990),

citing *Boyle, supra.* While this court sympathizes with plaintiffs' plight, we cannot carve out an exception based upon plaintiffs' lack of awareness regarding the insurance carrier's in-house policies. The issue of whether the statute should be enforced is not one that should be decided on the basis of the plaintiffs' knowledge of insurance policies and procedures but on the basis of the law which dictates that it applies to the facts and circumstances at hand.

The Superior Court held that a right to bring an action to enforce a contract does not accrue until a party's contractual rights have vested. *Boyle, supra.* In an underinsured motorist claim, the plaintiff must establish: (1) that an accident occurred; (2) that the plaintiff was injured; and (3) that a settlement with the underinsured motorist's insurance company was reached. *Wheeler v. Nationwide Mutual Insurance Co.,* 749 F. Supp. 660 (E.D. Pa. 1990). In this case, all three criteria have been met. The accident and injury occurred on November 20, 1991. Additionally, the underinsured motorist's insurance carrier settled with plaintiffs on March 9, 1994. The plaintiffs, therefore, would have been able to bring an action against Allstate until March 1998.

We must next determine whether the running statute of limitations was tolled by the communications between the plaintiffs and Allstate or by Allstate's offer to settle the disputed claim. This court finds that the communication and settlement negotiations between plaintiffs and Allstate did not toll the statute of limitations.

In *Ferrara v. Hoover,* the court found no merit in the contention that communication between the appellant and

the appellee's insurance adjuster serves as a substitute for actual service of process. Appellees have a reasonable expectation to assure that once the statute of limitations has run they will no longer shoulder the burden of possible litigation. The court refused to accept the appellant's argument that communications to the appellees' insurance carrier of an "impending lawsuit" was an adequate substitute for actual service of process. *Moses v. T.N.T. Red Star Express,* 725 A.2d 792, 798 (Pa. Super. 1999), citing *Ferrara v. Hoover,* 431 Pa. Super. 407, 636 A.2d 1151 (1994).

Further, plaintiffs assert that Allstate's $7,500 settlement offer tolls the statute of limitations since it is evidence of ongoing negotiations. The Superior Court, however, held that the law is clear that an offer to settle a disputed claim does not toll the running statute of limitations. *Roznowski v. Pennsylvania National Mutual Casualty Insurance Co.,* 343 Pa. Super. 7, 13 n.3, 493 A.2d 775, 778 n.3 (1985), citing *Schmucker v. Naugle,* 426 Pa. 203, 231 A.2d 121 (1967).

In conclusion, this court finds that the underinsured motorist claim is an action based in contract law to which a four-year statute of limitation applies. The statute of limitations began to run when plaintiffs reached a settlement with the underinsured tort-feasor. Further, the communication and settlement negotiations between plaintiffs and Allstate did not toll the statute of limitations. Accordingly, the four-year statute of limitations has expired and Allstate has a viable defense to plaintiffs' claim. This court is unable to carve out an exception to the rules which apply despite the appearance of Allstate's delayed negotiations in this matter.