456 A.2d 156

**Gerard J. BOYLE, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1981.

Filed Jan. 14, 1983.

Petition for Allowance of Appeal Denied Sept. 2, 1983.

Lee M. Herman, Philadelphia, for appellant.

Joseph M. Hankins, Philadelphia, for appellee.

Before McEWEN, MONTEMURO and HOFFMAN, JJ.

MONTEMURO, Judge:

The sole issue on this appeal is whether an action brought by an insured to enforce an uninsured motorist coverage endorsement in a policy of insurance is governed by the two-year tort statute of limitations of 42 Pa.C.S.A. § 5524(2) or by the six-year statute of limitations prescribed for contracts in 42 Pa.C.S.A. § 5527(2). This is a case of first impression in the appellate courts of this jurisdiction. We hold that the six-year statute of limitations governing actions on contracts is the proper limitation. An action by an insured against his automobile insurance carrier essentially sounds in contract rather than in tort, even where the insured is recovering for personal injuries sustained in an accident with an uninsured motorist.

The events giving rise to this appeal are as follows. On November 1, 1973, appellant, Gerard J. Boyle, was involved in an automobile accident with an uninsured driver. The parties agree that a policy of insurance was in effect between them and that it contained the uninsured motorist coverage endorsement which is required to be offered by statute, 40 P.S. § 2000.[1] On November 15, 1973, Boyle notified appellee, State Farm, of the accident and of the uninsured status of the other driver, but no further action was taken at this time by either party.

On November 1, 1979, Boyle, through counsel, filed a petition to compel appointment of arbitrator with the Court

1. **§ 2000. Motorists uninsured, insurance protection.**
 (a) No motor vehicle liability policy of insurance against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto in limits for bodily injury or death as are fixed from time to time by the General Assembly in section 1421 or article XIV of "The Vehicle Code," act of April 29, 1959 (P.L. 58), under provisions approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom ... (Footnote omitted)

of Common Pleas of Philadelphia County, pursuant to a provision in the insurance policy that disputes regarding uninsured motorist coverage shall be referred to arbitration.[2] The court appointed an arbitrator and on January 10, 1980, an arbitration hearing was held at which time State Farm raised the defense of the statute of limitations, contending the two-year statute governing personal injury actions was applicable. On May 27, 1980, the arbitrator delivered an award in favor of Boyle in the amount of Fifty-five Hundred ($5,500.00) Dollars and also concluded that the claim was not barred by the statute of limitations.

Subsequently, State Farm filed a petition to modify or correct arbitration award with the Court of Common Pleas, pursuant to 5 P.S. § 171(d), alleging that the award was against the law because the two-year statute of limitations barred the insured's claim. The court ordered the award to be corrected to read "Award is hereby entered in favor of the defendant, State Farm Mutual Automobile Insurance Company since this uninsured motorist's claim is barred by the applicable statute of limitations." Judgment was entered in favor of State Farm. The court wrote no separate opinion, but referred generally to an opinion in a previous arbitration case, *DiUmberto v. Merchants Mutual Insurance Co.*, American Arbitration Association Case 14 20 039968H (1969) (Kramer, Arb.). Boyle filed a motion for reconsideration which was denied and a timely appeal was taken to this court.

Initially, we note that since the arbitration proceedings and award were pursuant to the Act of 1927, our

---

**2.** The arbitration provision of the policy stated:

"10. Arbitration. If any person making claim under coverage U * and the company do not agree that such person is legally entitled to recover damages from the owner operator of an *uninsured motor vehicle* because of *bodily injury* to the *insured,* or do not agree as to the amount payable hereunder, then either party shall have the right to arbitrate such controversy under the provisions of the Pennsylvania Arbitration Act of 1927 **, including any amendments thereto." (emphasis in the original)

* Uninsured Motorist Coverage

** Act of April 25, 1927, P.L. 381, No. 248, § 1 et seq., 5 P.S. § 161 et seq.

review of the award is similar to that of a jury verdict. Every inference of fact must be drawn in favor of sustaining the award; however, mistakes of law may be rectified. *Ben Construction Co., v. Sanitary Authority of the City of Duquesne, Allegheny County*, 424 Pa. 40, 225 A.2d 886 (1967). It is equally true, however, that an appellate court is in no way bound by a trial court's conclusions of law based on findings of fact. *First Pennsylvania Banking and Trust Co. v. Liberati*, 282 Pa.Super. 198, 422 A.2d 1074 (1980). Where the facts are not in dispute, the question of whether the statute of limitations on a claim has run is a question of law for the court. *Smith v. Bell Telephone Company of Pennsylvania*, 397 Pa. 134, 153 A.2d 477 (1959); *Bickell v. Stein*, 291 Pa.Super. 145, 435 A.2d 610 (1981). Thus, this court is free to substitute its own determination on this issue independently of the conclusion of the arbitrator and of the order of the court which was in conflict with that conclusion.

Appellee, State Farm, raises several arguments in support of the application of the two-year personal injury statute of limitations. While we find none of them persuasive, we shall address each individually.

■ First, it is argued that the contractually required uninsured motorist coverage obligates the insurer only to:

> "Pay all sums which the insured or his legal representative shall be *legally entitled to recover as damages* from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured." (Emphasis added).

State Farm would have us construe the phrase, "legally entitled to recover as damages," to mean that the insured must establish every element of the claim against the uninsured motorist in order to recover under the policy; this would include asserting the claim within the two-year period in which the insured would bring a personal injury action. It argues that since the insured could not bring a personal injury action against the uninsured motorist more than two years after the date of the personal injury, the

insured is no longer "legally entitled to recover as damages," and thus, the insurer has no obligation to pay. Essentially, appellee, State Farm, views the action by the insured as one in tort for personal injuries with the insurer merely providing an alternative fund from which the insured may recover damages in the event the tortfeasor proves to be impecunious.

This argument is vitiated by nature of the insurer's obligation to the insured which arises totally out of the contract of insurance. Their obligation is not the same as that of the uninsured motorist. State Farm does not represent the interest of the uninsured motorist nor is their obligation that of a successor to the uninsured motorist. The insurer represents itself and its rights against, and obligations to, the insured are determined solely by the insurance contract. Thus, the six-year statute of limitations is the more appropriate because the relationship between the parties is established by the contract. If we were to accept State Farm's construction, it would be tantamount to saying that the relationship between Boyle and State Farm arises only from the accident, and that the accident and the laws pertaining to personal injury actions solely determine State Farm's obligations to Boyle. We disagree. The happenstance of an accident with an uninsured motorist merely triggers the insurer's obligation to the insured, it does not establish the terms of that obligation.

Furthermore, State Farm's construction of the phrase "legally entitled to recover as damages" would enable the insurer to assert the personal injury statute of limitations available to the tortfeasor. A statute of limitations such as that in 42 Pa.C.S.A. § 5524(2) is a procedural defense and therefore personal to the tortfeasor. 7 Blashfield Automobile Law and Practice, Section 274.9, pp. 73–74 (3d ed. 1966), 12 Couch on Insurance 2d, § 45.627, p. 571–572 (Anderson 1964).

State Farm also points out that if a six-year statute of limitations is established an insured will benefit from being involved in an automobile accident with an uninsured vis-a-

vis insured motorist because the insured would have an additional four years in which to file suit against his insurance carrier. They argue that this creates an anomalous situation detrimental to insurance carriers. While this result is almost certain to occur, we do not think that it mandates an opposite result. The legislature has established six years as the statute of limitations on actions on express contracts, 42 Pa.C.S.A. § 5527, and the courts have found this to be applicable to insurance contracts. *Marshall v. Aetna Casualty and Surety Company*, 643 F.2d 151 (3rd Cir.1981); *Wright v. Allstate Insurance Co.*, 271 Pa.Super. 559, 414 A.2d 395 (1979). We do not see any reason to make an exception for actions to enforce uninsured motorist coverage. State Farm argues that once the two-year statute of limitations has run, they are barred from pursuing their subrogation rights against the uninsured motorist and thus it is unfair to allow the insured to recover. Again, while this eventuality is possible, it is more apt to be the exceptional case than the common event. In balancing the equities of the situation we do not find the insurer's argument of sufficient weight to require the shorter limitation period.

■ Appellee's second argument is that statutory construction and judicial precedent require us to apply the two-year personal injury statute of limitations. It asserts that language in § 5527 mandates a deferral to § 5524 in the instant case. § 5527 reads in part:

"The following actions and proceedings must be commenced within six years:

(2) An action upon a contract, obligation or liability founded upon a bond, note or other instrument in writing, *except an action subject to another limitation specified in this subchapter* " (emphasis added)

The emphasized language cited above, "except an action subject to another limitation specified in this subchapter," does not contemplate the substitution of a personal injury

limitation [3] in a contract action. This exception is clearly a modification of the preceeding phrase, "[A]n action upon a contract, obligation or liability found upon a bond, note or other instrument in writing." Thus the exception is limited to contract actions. So construed, the exception simply expresses the general rule of statutory construction that the specific will control the general. 1 Pa.C.S.A. § 1933. Action on written contracts are subject to the six-year limitation of § 5527 unless the contract involved is of a type to which a more specific limitation is applicable. See, *e.g.* § 5501 (allowing certain provisions of Title 13 relating to the U.C.C. to take precedence); § 5521 (actions on foreign contracts subject to foreign limitations in certain instances); § 5523(2), (3) (actions on certain bonds subject to one year limitation); § 5525 (actions on contracts for the sale, construction or furnishing of tangible personal property or fixtures subject to four year limitation). Since the insurance contract does not fit within the parameters of any of the more specific limitations, § 5527 is applicable and an action on such a contract must be brought within six-years. *Marshall v. Aetna Casualty and Surety Co.*, *supra; Wright v. Allstate Insurance Co.*, *supra.*

State Farm also cites various precedents which they claim support the shorter statute of limitations. However, they are of little merit since the cases relied upon are easily distinguished from the present case and thereby inapposite. Each of the cases exhibits a similar fact pattern; *i.e.*, a plaintiff seeking redress from personal injuries after the lapse of the two-year limitation, brings an action against the tortfeasor based on the breach of an express or implied warranty.[4] Almost invariably, these actions are dismissed

**3.** § 5524. Two year limitation.
The following actions and proceedings must be commenced within two years:
(2) An action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.

**4.** State Farm cites the following cases exhibiting this pattern: *Jones v. Boggs and Buhl, Inc.*, 355 Pa. 242, 49 A.2d 379 (1946) (action against

by the courts based on a finding that the action essentially sound in tort, rather than in contract, and are therefore barred by the shorter statute of limitations. However, these cases are direct actions against the alleged tortfeasor with the rights and obligations of the parties established by the tortious incidents. Whether nominated assumpsit or trespass, the injured plaintiff's rights against the tortfeasor are derived directly from the incident. In the instant case, an insurer, not a tortfeasor, is the defendant. The rights and obligations of the parties are derived from the insurance contract. The insurer's obligation to pay is conditioned upon the insured suffering bodily injury, however, this obligation arises only from the contract. Therefore the statute of limitations governing contracts is applicable.

State Farm's third argument purports to cite authority in other jurisdictions which have applied the personal injury statute of limitation under the same or similar circumstances as herein. Yet, a review of the authorities demonstrates that an overwhelming majority have opted for the longer contract limitation.[5]

seller for fur coat under breach of warranty theory to recover for skin disease attributable to coat barred by personal injury statute of limitation); *Sykes v. Southeastern Transportation Authority,* 225 Pa.Super. 69, 310 A.2d 277 (1973) (action against transportation carrier under theory of express warranty of safe carriage to recover for injuries from accident barred by statute of limitations since it was essentially in tort); *Schwartz v. Board of School Directors.* 71 Pa.D & C2d 339 (1975) (action against school under breach of warranty theory for injuries to student in workshop action barred by personal injury statute of limitations); But, c.f. *Salvador v. Atlantic Steel Boiler Co.,* 256 Pa.Super. 330, 389 A.2d 1148 (1978) (action for injuries sustained in boiler explosion brought under theory of breach of implied warranty under UCC not barred because statute expressly grants longer statute of limitation.)

5. As far as our research has been able to determine the following courts have decided this issue in favor of the contract limitation: *DeLuca v. Motor Vehicle Accident Indemnification Corporation,* 17 N.Y.2d 76, 268 N.Y.S.2d 289, 215 N.E.2d 482 (1966); *Schleif v. Hardware Dealers Mutual Fire Insurance Co.,* 218 Tenn. 489, 404 S.W.2d 490 (1966); *Booth v. Fireman's Fund Insurance Company,* 253 La. 521, 218 So.2d 580 (1969); *Schulz v. Allstate Insurance Co.,* 17 Ohio Misc. 83, 244 N.E.2d 546 (1968); *Hartford Accident and Indemnity Co. v. Mason,* 210 So.2d 474 (Fla.App.1968); *Sahloff v. Western Casualty and*

Furthermore, the appellee cites cases distinguishable from those herein in that each concerns a claim where the insured has been killed in an accident with an uninsured motorist. In such an instance some courts have construed the phrase "legally entitled to recover as damages" to require compliance with the shorter statute of limitations in a wrongful death action. *Sykes v. Fireman's Fund Insurance Co.*, 269 F.Supp. 229 (S.D.Fla.1967); *Bocek v. Inter-Insurance Exchange of the Chicago Motor Club*, 175 Ind. App. 69, 369 N.E.2d 1093 (1977); *Country Mutual Insurance Co. v. National Bank of Decatur*, 109 Ill.App.2d 133, 248 N.E.2d 299 (1969); *Crenshaw v. Great Central Insurance Co.*, 527 S.W.2d 1 (Mo.App.1975).

The rationale is that wrongful death statutes often include a statute of limitations as a substantive element of the cause of action, and thus, the insured's family or representative is not "legally entitled to recover as damages" unless this element, as well as other substantive elements,[6] is alleged and proved. Usually, this distinction is made when the statute of limitations is set forth within the

*Surety Co.*, 45 Wis.2d 60, 171 N.W.2d 914 (1969); *Pickering v. American Employees Insurance Company*, 109 R.I. 143, 282 A.2d 584 (1971); *Turlay v. Farmer's Insurance Exchange*, 259 Or. 612, 488 P.2d 406 (1971); *Detroit Automobile Inter-Insurance Exchange v. Hafendorfer*, 38 Mich.App. 709, 197 N.W.2d 155 (1972); *Hettel v. Rye*, 251 Ark. 868, 475 S.W.2d 536 (1972); *Transnational Insurance Co. v. Simmons*, 19 Ariz.App. 354, 507 P.2d 693 (1973); *Franco v. Allstate Insurance Co.*, 505 S.W.2d 789 (Texas 1974); *Selected Risks Insurance Co. v. Dierolf*, 138 N.J.Super. 287, 350 A.2d 526 (1975); *Van Hoozer v. Farmer's Insurance Exchange*, 219 Kan. 595, 549 P.2d 1354 (1976); *Lemrick v. Grinnel Mutual Reinsurance Co.*, 263 N.W.2d 714 (Iowa, 1978); *Edwards v. State Farm Insurance Co.*, 574 S.W.2d 505 (Mo.App.1978); *Allstate Insurance Co. v. Spinelli*, 443 A.2d 1286 (Del.Supr.1982). Courts which have opted for the personal injury limitation include: *Brown v. Lumbermens Mutual Casualty Co.*, 285 N.C. 313, 204 S.E.2d 829 (1974); *Vaughn v. Collum*, 236 Ga. 582, 224 S.E.2d 416 (1976); *State Farm Mutual Auto Insurance Co. v. Wharton*, 88 Nev. 183, 495 P.2d 359 (1972).

**6.** The other elements required to be alleged and proved are fault on the part of the uninsured motorist, damages on the part of the plaintiff and the existence of a contract of insurance containing an uninsured motorist coverage endorsement with the defendant-insurer.

Death Statute itself.[7] However, the present case is clearly distinguishable in that it involves a *procedural* statute of limitations; *i.e.*, a statute of limitation as opposed to a statute of repose. *Overmiller v. D.E. Horn & Co.*, 191 Pa.Super. 562, 159 A.2d 245 (1960). The limitation bars only the remedy, not the right; it can only be asserted by the tortfeasor, not the insurer. Appellee-State Farm's failure to cite any persuasive authority in support of its position, in conjunction with the overwhelming majority of other courts, each construing statutory and policy language very similar to that herein, which favor the application of the contracts statute of limitations, further assures us that we are correct.

 Finally, we find, contrary to appellee, State Farm's argument, that the keynote phrase "legally entitled to recover as damages" is ambiguous and therefore must be construed in a manner most favorable to the insured. *Patton v. Patton*, 413 Pa. 566, 198 A.2d 578 (1964). State Farm seeks to justify the use of this language by arguing that it is mandated by statute, 40 P.S. § 2000, and by regulation, 31 Pa.Code, Ch. 63, § 63.1 *et seq.*, and so State Farm should not suffer the consequences of our finding. We do not think the fact that the form of the uninsured motorists coverage endorsement is subject to minimum standards, 31 Pa.Code § 63.3, in any way supports State Farm's contention. The purpose of the uninsured motorist law has been frequently and consistently interpreted by our courts as providing protection to innocent victims of uninsured drivers. As stated by our supreme court:

7. We do not intimate that this court would apply this rationale and find for a shorter statute of limitations in a case involving an uninsured motorist's claim by the family or legal representative of a decedent-insured. The Death Action Statute, 42 Pa.C.S.A. § 8301, and the Survival Action Statute, 42 Pa.C.S.A. § 8302, contain no substantive limitation period (But, *c.f.* 12 P.S. § 1601, § 1603). This issue is not before us and we do not decide it at this time. We note that other jurisdictions have applied the contract limitation period where the wrongful death statute contained no substantive limitation period. *Franco v. Allstate Insurance Co., supra.*

"[S]uch statutes as designed to give monetary protection to that ever hanging and tragically large group of persons who while lawfully using the highways themselves suffer grave injuries through the negligent use of those highways by others." *Harleysville Mutual Casualty. Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968) (quoting *Katz v. American Motorist Insurance Co.*, 244 Cal. App.2d 886, 53 Cal.Rptr. 669 (1966)).

The legislative intent in enacting the uninsured motorist law requires a liberal construction of the statute, and a pronounced propensity on the part of the court to find coverage unless equally strong legal or equitable considerations to the contrary are present. *Sands v. Granite Mutual Insurance Co.*, 232 Pa.Super. 70, 80, 331 A.2d 711, 716–17 (1974). See also 1 Pa.C.S.A. § 1928.

We do not think that State Farm has sustained the burden of producing sufficient reasons to overcome the presumption in favor of coverage. We find that, in promulgating the uninsured motorist law, with the intent of providing maximum coverage to motorist injured by uninsured motorist, the legislature intended that the six-year statute of limitations should be applied.

Having decided which statute of limitations is applicable we must now determine when the statute begins to run and when it is tolled. With regard to the former determination, an action for benefits under an uninsured motorist coverage endorsement is essentially an action to enforce a contract. An action to enforce a contract does not accrue until the party's rights under the contract have vested. Under the terms of the uninsured motorist coverage endorsement, the insured's right to payment did not vest until: (1) the insured was in a motor vehicle accident, and (2) the insured sustained bodily injury as a result of that accident, and (3) the insured knows of the uninsured status of the other owner or operator. When all three of these events have occurred the insured's cause of action accrues and the six-year statute of limitations begins to run. 42 Pa.C.S.A. § 5502. With regard to the latter determina-

tion we find, in the present case, that the statute of limitations was tolled by the filing of the Petition to Compel Appointment of Arbitrators on November 1, 1979.[8]

Consequently, we find the appellant-insured's action was not barred by the statute of limitations and therefore, we vacate the order of the lower court and remand this case with instructions to confirm the award of the arbitrator. We do not retain jurisdiction.

Reversed and remanded.

---

**8.** The parties do not specify at what time the insured learned of the uninsured status of the other owner or operator. Appellee, State Farm, asserts that it was "not later than November 15, 1973." In any event, it is immaterial since the appellant-insured tolled the statute by the filing of this petition on November 1, 1979, the action is not barred by the statute of limitations even if the insured knew of the uninsured status of the other driver at the time of the accident.