## Rotz v. Insurance Company of North America

*Barbara B. Townsend,* for plaintiff.
*James D. Flower,* for defendant.

KELLER, *J.,* June 8, 1984—On March 25, 1978, plaintiff, Kenneth R. Rotz, was a passenger injured in a one-car automobile accident on Warm Spring

Road in Franklin County, Pa. At the time of the accident both the driver and the automobile were uninsured. On October 26, 1979, plaintiff submitted a completed application for basic loss benefits to the Assigned Claims Bureau of his designated servicing agent under the assigned claims plan of the Pennsylvania No-fault Act. That agent, defendant-Insurance Company of North America (hereafter INA) assigned the claim to Essis, Inc., a wholly-owned subsidiary of INA with offices in Lemoyne, Cumberland County, Pa. Essis began paying benefits for personal injuries and reimbursement for medical expenses. The last of these was received in late July, 1980.

In November of 1979, plaintiff made a demand on Essis for payment of work loss benefits. On December 5, 1979, Essis notified Mr. Rotz that proof of prospective employment and projected earnings must be submitted before Essis would pay such benefits. The required proof was never submitted and no payments for work loss benefits were ever paid.

On July 2, 1982, plaintiff commenced this action in assumpsit and trespass by filing a praecipe for a summons which was served on July 13, 1982. On September 16, 1983, he filed a two count complaint; the second count asserting a claim against defendant INA for non-payment of uninsured motorist benefits.

INA responded to plaintiff's Count II in its new matter by alleging that the matter of uninsured motorist benefits arose under an implied contract between the parties, that the statute of limitations on such contracts is four years and that such period had expired four years after the accident of March 25, 1978. Thus, plaintiff's claim was barred and must be dismissed.

Plaintiff's reply denied the applicability of the four-year limitation period and, to the contrary, asserted compliance with the statute of limitations which governs actions under the Pennsylvania No-fault Insurance Act.

On March 1, 1984, defendant filed a motion for summary judgment as to Count II. The summary judgment motion was listed for the April argument court, briefed and orally argued on April 5, 1984.

Since the matter appeared to be ripe for disposition, this court entered an opinion and order on May 14, 1984, dismissing the motion for summary judgment. However, on May 16, 1984, a petition for reconsideration was presented in chambers by defendant. The petition brought to our attention the recent decision in Warren v. Reliance Insurance Co., 318 Pa. Super. 1, 464 A.2d 487 (1983). Perceiving the possibility that the Warren decision may have overruled the decision in Williams v. Keystone Insurance Co., 302 Pa. Super. 44, 448 A.2d 86 (1982) and because we specifically relied upon Williams in formulating our May 14, 1984, opinion, this court vacated that opinion and order, and ordered supplemental briefs to be exchanged and filed. After careful research into this complex area of the law, both parties submitted their briefs. It now appears that the matter is finally ripe for adjudication.

Plaintiff contends:

1. Uninsured motorist benefits are added loss benefits under the Pennsylvania No-fault Insurance Act. Therefore, his Count II claim is governed by 40 Pa.C.S. §1009.106(c)(1), the general statute of limitations which governs claims for no-fault benefits.

2. His claim for uninsured motorist benefits was filed before the expiration of the limitations period of Section 106(c)(1), and therefore it is not barred.

3. Even if a four-year statute of limitations is applied in this case, plaintiff's action was commenced within that time.

The defendant to the contrary urges:

1. Claims for uninsured motorist benefits are not governed by the statute of limitations contained in the No-fault Act because they are not No-fault benefits.

2. Claims for uninsured motorist benefits made to a servicing insurer are controlled by the four-year statute of limitations which governs implied contracts.

3. The statute of limitations expired exactly four years from the date of the accident. Plaintiff's action was commenced more than four years from that date, and the claim is time barred.

Initially, we note that no-fault benefits are ". . . basic loss benefits, added loss benefits or both." 40 Pa.C.S. § 1009.103. Since uninsured motorist benefits are not included in the definitions of either basic or added loss benefits, we cannot conclude that they are no-fault benefits. Id. at § 103, 202, 207. In addition, the leading decision involving claims for uninsured motorist benefits under the No-fault Act states very specifically that "[b]asic loss benefits and uninsured motorist benefits are separate and distinct. . ." Tubner v. State Farm Mutual Automobile Insurance Company, 496 Pa. 215, 220 n.13, 436 A.2d 621 (1981). For these reasons we will not consider uninsured motorist benefits to be no-fault benefits. Therefore, we also will not apply the statute of limitations provision found in the No-fault Act.

Defendant concedes that the Count II claim relating to payment of uninsured motorist benefits is controlled by the decision in Tubner v. State Farm, supra. That case held that an uninsured individual

such as the plaintiff has a statutory right to uninsured motorist benefits when he makes a legitimate claim against his servicing insurer under the assigned claims plan.

Defendant correctly contends that this statutory right is the equivalent of a contract implied in law between the accident victim and the servicing insurance company. A contract implied in law is a fictional contract created by the law for the purpose of enforcing legal duties by an action of assumpsit where no contract, in fact, exist. See Cameron, to Use of Cameron v. Eynon, 332 Pa. 529, 3 A.2d 423 (1939). It is a relationship whereby an obligation is imposed upon a person, not by reason of any express or implied promise on his part to perform but rather in spite of any intention he may have to the contrary. It will be presumed where no proper contract exists and where it is necessary to account for a relationship found to exist between the parties. DeGasperi v. Valicenti, 198 Pa. Super. 455, 181 A.2d 862 (1962). "Quasi-contracts [or contracts implied in law] are often assumed to be confined to obligations for the payment of money enforceable under common law procedure by the common counts. There are, however, unquestionably obligations imposed by law without reference to mutual assent and enforceable only in special assumpsit as if they were actual contracts." See 1 Williston on Contracts §3A at 13.

A servicing insurer such as INA assigned to a case under the Assigned Claims Plan is obligated to pay a legitimate claim under the No-fault Act precisely as if there had been an express written contract of insurance. Tubner v. State Farm, supra. This obligation is imposed upon it by reason of 40 Pa.C.S.A. §1009, 101 et. seq. irrespective of its intent. Although no formal written contract exists in

this case, Mr. Rotz may sue in assumpsit to enforce INA's duty to pay and his right to receive benefits under the No-fault Act. See also, Warren v. Reliance Insurance Co., supra, and Zubris v. Pennsylvania Assigned Claims Plan, 321 Pa. Super. 83, 467 A.2d 1139 (1983), both of which were actions in assumpsit under the Assigned Claims Plan of the No-fault Act.

Section 5525 of the Act of July 9, 1976, P.L. 586, §2, 42 Pa. C.S. §5525 provides inter alia: "The following actions and proceedings must be commenced within four years: (4) An action upon a contract implied in law. . ." Therefore, we conclude the statute of limitations applicable herein is four years.

The only remaining issue is whether the four-year statute of limitations runs from March 25, 1978, the date of the accident or October 26, 1979, the date plaintiff submitted his application for basic loss benefits to the Assigned Claims Bureau.

Defendant contends that this issue is governed by the decision in Boyle v. State Farm, 310 Pa. Super. 10, 456 A.2d 156 (1983). In that case the Superior Court held:

"An action for benefits under an uninsured motorist coverage endorsement is essentially an action to enforce a contract. An action to enforce a contract does not accrue until the party's rights under the contract have vested. Under the terms of the uninsured motorist coverage endorsement, the insured's right to payment did not vest until: (1) the insured was in a motor vehicle accident, (2) the insured sustained bodily injury as a result of that accident, and (3) the insured knows of the uninsured status of the other owner or operator. When all three of these events have occurred the insured's cause of action accrues. . ." Boyle, supra at 162.

Defendant argues that plaintiff's rights under the implied contract vested on March 25, 1978, the date of the accident. INA contends that this was the date that plaintiff met the three criteria identified Boyle and is therefore the date on which the statute of limitations began to run.

We disagree. The three criteria enunciated in Boyle are guideposts for determining when rights vest under a pre-existing written contract. However, where the obligor has not been identified, there can be no contract, no vested rights and no cause of action. In the instant case, no individual was obligated to compensate the plaintiff for his injuries at the time of the accident. Mr. Rotz had no pre-existing contract for insurance and thus no enforceable rights. As against INA his rights did not vest until his claim was assigned. The earliest date which that event could have occurred was October 26, 1979, when Mr. Rotz filed his application for no-fault benefits with the Assigned Claims Bureau. Since plaintiff filed his praecipe for a summons in this case approximately two years and eight months after he applied to the Assigned Claims Bureau for no-fault benefits, his claim for uninsured motorist benefits is not time barred.

## ORDER OF COURT

Now, this June 8, 1984, defendant's motion for summary judgment is dismissed.

Exceptions are granted the defendant.