J-A33025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOANNE PUSEY, NATURAL GUARDIAN OF THE MINOR, BRIAN PUSEY<br><br>Appellant<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY<br><br>Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br>No. 888 EDA 2015 |

Appeal from the Judgment Entered March 16, 2015
In the Court of Common Pleas of Delaware County
Civil Division at No: 2013-01936

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 20, 2016**

Appellant, Joanne Pusey, natural guardian of the minor, Brian Pusey, appeals from the March 16, 2015 judgment entered in the Court of Common Pleas of Delaware County in favor of Appellant in the amount of $9,574.00.[1] Upon review, we affirm.

The trial court summarized the relevant background in its Pa.R.A.P. 1925(a) opinion as follows.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the trial court's February 11, 2015 order granting Appellee's motion to mold the verdict.  As the caption reflects, Appellant properly appeals from the trial court's judgment entered March 16, 2015.

This action arises from an accident that occurred on December 24, 2011 at or near the intersection of Union Avenue and Baltimore Pike, in Upper Darby Township, Delaware County, Pennsylvania. At that time Brian Pusey, a minor, was attempting to cross Baltimore Pike on his bicycle when a vehicle being driven by Monique Rollerson collided with Brian Pusey's bicycle. Prior to trial, Ms. Rollerson's insurance carrier tendered the policy limits of $25,000.00 to Appellant. Appellant initiated this action against Allstate Insurance Company[, Appellee,] through an underinsured motorist coverage provision of her motor vehicle insurance policy.

Trial commenced on December 8, 2014 and the jury returned a verdict on December 10, 2014.[2] The jury awarded Appellant $10,000.00 for pain and suffering, $1,400.00 for embarrassment and humiliation, $26,200.00 for loss of enjoyment of life, and awarded a stipulated medical lien amount of $21,000.00 for a total award of $58,600.00. The jury also attributed forty one percent (41%) of the negligence that was a factual ca[u]se of any harm to Brian Pusey himself.

Appellee filed a Motion to Mold the verdict on December 18, 2015. Therein, Appellee argued that the jury's award should be reduced by the percentage of Brian Pusey's own negligence, resulting in a damage award of $35,574.00. Appellee reasoned that [it] would then receive a credit for the policy limits of the tortfeasor's $25,000.00 liability limits that were previously received by the Appellant. Appellee referenced the relevant portions of the Allstate policy at issue relating to underinsured motorist benefits:

> **We** are not obligated to make payment for **bodily injury** under this coverage which arises out of the use of an underinsured auto until after the limits of liability for all motor vehicle liability protection in effect and applicable at the time of the accident have been exhausted by payment of judgment or settlements.

---

[2] The December 10, 2014 verdict was docketed December 11, 2014.

> Subject to the above limits of liability, damages but not limits payable will be reduced by:
>
> a) All amounts paid by the owner or operator of the underinsured auto or anyone else responsible. This includes all sums paid under the bodily injury liability coverage of this or any other policy.
>
> The policy further provides that damages in an underinsured motorist claim are that which an insured person is "legally entitled to recover from the operator of an underinsured auto."
>
> (12/18/15 Motion to Mold Verdict)

Neither party disputes that Appellee should receive a credit for the $25,000.00 liability limits that were previously tendered. Appellant contends that the deduction for comparative negligence should have been applied *after* the credit for the third party recovery. Following oral argument in January 22, 2015, this [c]ourt entered an Order on February 11, 2015,[3] and found as follows:

1. On December 10, 2014, the jury returned a verdict in the total amount of $58,600.00.

2. The jury attributed forty one percent (41%) of the negligence that was a factual ca[u]se of any harm to the plaintiff to Brian Pusey himself;

3. Plaintiff's total award must be reduced by forty one percent or $24,026.00;

4. Prior to trial, Plaintiff received $25,000.00 from a third party and/or third party insurance carrier for damages related to the accident at issue herein;

---

[3] The February 11, 2015 order was docketed February 13, 2015.

> 5. Plaintiff's total award must therefore be reduced by an additional $25,000.00.
>
> The jury verdict of December 10, 2014, was then molded and a verdict in favor of Appellant, Joanne Pusey, natural guardian of the minor, Brian Pusey, and against Appellee, Allstate Insurance Company, in the total amount of $9,574.00 was entered of record.

Trial Court Opinion (T.C.O.), 5/22/15, at 2-4 (internal citations omitted) (emphasis in original).

On appeal, Appellant raises one issue, "[w]hether the lower court erred when it granted defendant's Motion to Mold the Verdict." Appellant's Brief at 7.

> It is well settled that a trial court in this Commonwealth has the power to mold a jury's verdict to conform to the clear intent of the jury. The power of a trial judge to exercise his discretion in molding a verdict to fit the expressed desires of the jury is a corner-stone of the jury system.

*Mitchell v. Gravely Int'l, Inc.*, 698 A.2d 618, 623 (Pa. Super. 1997). Accordingly, we review the trial court's molding of the verdict for abuse of discretion.

Appellant alleges that the trial court improperly molded the verdict because the Allstate policy language is ambiguous. Specifically, Appellant focuses on the phrase "legally entitled to recover" within the policy, arguing that it is "ambiguous as to how the net verdict is to be determined." Appellant's Brief at 12. Additionally, Appellant alleges that this Court has determined the phrase "legally entitled to recover" to be ambiguous, citing *Boyle v. State Farm Mut. Auto. Ins. Co.*, 456 A.2d 156 (Pa. Super.

- 4 -

1983).  Appellant's Brief at 12-13.  Appellant argues that, as the ambiguity must be interpreted in her favor, Appellee owes her $19,824.00.  Appellant calculates this amount by reducing the verdict amount ($58,600.00) by the already paid policy limits of the underinsured ($25,000.00) and *then* reducing the result ($33,600.00) by Appellant's comparative negligence (41%).

As the trial court stated,

> [t]he interpretation of an insurance contract is a matter of law and is generally performed by a court.  **Kropa v. Gateway Ford**, 974 A.2d 502 (Pa. Super. 2009).  The goal of insurance contract interpretation is "to ascertain the intent of the parties as manifested by the language of the written instrument." **Madison Const. Co. v. Harleysville Mut. Ins. Co.**, 735 A.2d 100, 106 (Pa. 1999).  "When analyzing an insurance policy, a court must construe words of common usage in their natural, plain, and ordinary sense."  **Continental Cas. Co. v. Pro Machine**, 916 A.2d 1111, 1118 (Pa. Super. 2007) (*citing* **Mitsock v. Erie Ins. Exchange**, 909 A.2d 828, 831 (Pa. Super. 2006)).  If "the language of the [insurance] contract is clear an unambiguous, a court is required to give effect to that language." **Id.** at 831 (*quoting* **Madison Const. Co., supra**).  A court must not "distort the meaning of the language or resort to a strained contrivance in order to find an ambiguity."  **Mitsock, supra** at 831).

T.C.O., 3/22/15, at 4-5.  Additionally, "[a]n insurance contract is ambiguous if, and only if, it is reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning through indefiniteness of expression or has a double meaning." **Erie Ins. Exch. v. Weryha**, 931 A.2d 739, 742 (Pa. Super. 2007) (quotation marks and citation omitted).

Reviewing the language of the contract, we do not find it ambiguous. To the contrary, it is clear that the amount Appellant is "legally entitled to recover" is only reasonably interpreted as the amount she is entitled to collect according to the jury's verdict. According to the verdict, Appellant is entitled to collect $58,600.00 from the underinsured driver less Appellant's comparative negligence of 41%, for an award of $34,574.00. It is undisputed that Appellant already received the policy limits of the underinsured in the amount of $25,000.00. Therefore, Appellee is liable for the amount that Appellant was unable to collect from the underinsured; that being, the amount that legally could be collected on the verdict in the amount of $34,574.00, less the $25,000.00 policy limits already paid, for a balance due on her underinsured claim of $9,574.00. Reducing the total verdict amount by the $25,000.00 policy limits already received before reducing the total verdict amount by Appellant's comparative negligence would allow a recovery in an amount Appellant is not legally entitled to collect under the jury verdict.[4] Appellant's argument to the contrary ignores the plain language of the contract. Furthermore, as the jury found Brian Pusey 41% responsible for the $58,600.00 in damages, Appellant's calculation frustrates the clear intent of the jury in defiance of the applicable legal standard.

---

[4] Calculating the amount this way, Appellant would collect $19,824.00.

Additionally, to the extent that Appellant relies on **Boyle** to support her claim that this Court has decided that the phrase "legally entitled to recover" is ambiguous, Appellant's reliance is misplaced. In **Boyle**, the Court considered the issue of whether an uninsured motorist coverage claim was governed by the two-year tort statute of limitations or by the six-year statute of limitations applicable to actions in contract. **Boyle**, 456 A.2d at 157. The appellee, State Farm, argued that the phrase, "legally entitled to recover as damages," meant that the insured had to assert the claim within the two-year period the insured could bring a tort action. **Id.** at 159. The **Boyle** Court determined that the relationship between State Farm and the insured was established by contract. As such, the **Boyle** Court determined that the six-year contract statute of limitations was applicable and, therefore, given State Farm's argument, the phrase "legally entitled to recover as damages" was ambiguous as to the issue under consideration. **Id.** at 159-163. The **Boyle** Court clearly did not establish a blanket rule that the phrase "legally entitled to recover" is always ambiguous.

The trial court interpreted the clear language of the contract appropriately and molded the verdict accordingly. As such, the trial court did not abuse its discretion, and Appellant is not entitled to relief. We therefore affirm the March 16, 2015 judgment of the trial court.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/20/2016