J-A05002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| ERIE INSURANCE EXCHANGE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL BRISTOL AND RCC, INC. | |
| APPEAL OF: MICHAEL BRISTOL | |
| | No. 1119 EDA 2015 |

Appeal from the Order March 20, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-12947

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY OTT, J.:          **FILED MAY 27, 2016**

I agree with the holding announced by the learned majority in this decision.  However, I believe the language addressing the tolling of the statute of limitations found in ***Hopkins v. Erie Ins. Co.***, 65 A.3d 452 (Pa. Super. 2013) is *dicta*.  Accordingly, I would clarify prior case law and formally announce the requirements for tolling the statute of limitations regarding uninsured motorist arbitration matters.

While the rules for determining the commencement of the statute of limitations for an uninsured motorist claim are well settled,[1] less has been

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See Boyle v. State Farm***, 456 A.2d 156 (Pa. Super. 1983).

authoritatively written regarding the tolling of the statute of limitations. As early as 1983, our Court has stated that filing a petition to appoint arbitrators and compel arbitration will toll the statute of limitations, **see Boyle**, 456 A.2d at 162-63, yet there has been no holding that this method is the ONLY method of tolling the statute of limitations. I would so hold, and so alleviate the confusion that led to this appeal.

The statute of limitations is a bright line rule that expressly limits the time allowed for a claimant to commence an action. When that action is filed in the court of common pleas, the claimant is required to initiate a lawsuit, either by filing a writ of summons or complaint with the court. While arbitration allows for a more relaxed and less costly method of determining the facts and resolving a dispute, it does not follow that requirements for tolling the statute of limitations need also be relaxed.

As noted, **Boyle**, **supra**, stated that filing a petition to appoint arbitrators and compel arbitration acted to toll the statute of limitations. However, **Boyle** did not hold that filing such a petition was the only method to toll the statute. Moreover, tolling the statute of limitations was not at issue, so the statement regarding filing the petition to appoint and compel was *dicta*, not holding. Statements in subsequent cases regarding the filing of a petition to appoint and compel are all *dicta*.

Following **Boyle**, **Seay v. Prudential Property and Cas. Ins. Co.**, 543 A.2d 1166 (Pa. Super. 1988), **Hopkins v. Erie Ins. Co.**, 65 A.3d 452 (Pa. Super. 2013), **Wheeler v. Nationwide Mut. Ins. Co.**, 749 F.Supp. 660

(E.D.Pa. 1990), **Walker v. Providence Ins. Co.**, No. CA 97-7455, 1998 WL 195652 (E.D.Pa. 1998), **Motorist Mut. Ins. Co. v. Durney**, No. CA 04-3232, 2005 WL 3470612 (E.D.Pa. 2005) (abrogated on other grounds), and **Liberty Mutual Fire Ins. Co. v. Weisbaum**, No. CA 10-3869 2011 WL 4632479 (E.D.Pa. 2011), have ALL stated, in *dicta*, that the petition to appoint and compel is the act that tolls the statute of limitations.

On the other hand, no case law has indicated the mere appointment of an arbitrator by either or both parties is sufficient to toll the statute of limitations. Unsurprisingly, Bristol has cited no case to support his assertion that negotiations with Erie and the initial appointment of an arbitrator were sufficient to toll the statute of limitations. In fact, both **Walker**, **supra**, and **Weisbaum**, **supra**, expressly stated such action was insufficient. Therefore, I believe the great weight of authority equates the petition to appoint a neutral arbitrator and compel arbitrations as the functional equivalent of filing either a writ of summons or complaint. Accordingly, I would expressly hold that a claimant in an uninsured motorist action, seeking arbitration, must file a petition to appoint arbitrator and compel arbitration in order to toll the statute of limitations in such an action.

Clarifying this requirement and setting forth a bright line rule of what is needed to toll the statute of limitations, would also alleviate the concern stated by the majority in footnote 4. The bright line rule would put a claimant on notice of what must be done and by when in order to protect the claim, and simply puts the UM arbitration hearing on par with the

requirements to file an action at law regarding tolling of the statute of limitations. The concerns cited by the majority in footnote 4, such as insurer delay, would therefore have little, if any, effect on the duties of the claimant.