160 A.3d 123

**ERIE INSURANCE EXCHANGE**

v.

**Michael BRISTOL and RCC, Inc.**

**Appeal of: Michael Bristol**

**No. 124 MAP 2016**

Supreme Court of Pennsylvania.

ARGUED: May 10, 2017

FILED: May 24, 2017

## ORDER

PER CURIAM

**AND NOW**, this 24th day of May, 2017, the order of December 29, 2016 is amended to provide as follows:

The Petition for Allowance of Appeal is **GRANTED** to consider the following issue, as originally framed in the Petition for Allowance of Appeal:

By affirming its Opinion in *Hopkins v. Erie Insurance Co.*, 65 A.3d 452 (Pa. Super. 2013), and ruling that:

(1) a claimant seeking uninsured or underinsured motorist benefits must file a Complaint or a Petition to Compel Arbitration if the claim does not resolve within four years of the date of the underlying accident, and,

(2) a claimant must file a Complaint or Petition to Compel Arbitration, contrary to the plain language of the Arbitration Act of 1927, 42 Pa.C.S. § 7304(a), which requires a claimant to file a Complaint or Petition only when "an opposing party refuse[s] to arbitrate,"

did the Superior Court create a new rule that is contrary to prior decisions of this Court and inconsistent with the plain language of the Arbitration Act?

This Court understands this issue to encompass a determination of the time at which a cause of action accrues—thereby triggering the commencement of the statutory period for bringing a claim—in the specific context of an insurance contract containing a mandatory arbitration provision. Notably, this particular issue has not been waived, was advanced in the Petition for Allowance of Appeal, and has been briefed by both parties, without objection. As such, no further briefing is necessary.

Chief Justice Saylor files a concurring statement in which Justices Baer, Todd, Donohue, Dougherty and Mundy join.

Justice Wecht files a dissenting statement.

## CONCURRING STATEMENT

CHIEF JUSTICE SAYLOR

I write in response to Justice Wecht's dissenting statement, which chides the Court for amending an original grant order to conform with the precise wording presented by the appel-

lant in the first instance, and for purportedly accepting review of a waived issue.

First of all, this Court's original grant order restyling the statement of the question presented was not a limited one—rather, the issue was merely and expressly "rephrased for clarity." *Erie Ins. Exch. v. Bristol*, 639 Pa. 187, 160 A.3d 123, 2016 WL 7475709 (2016) (*per curiam*). In joining that order, I, for one, had no intention of limiting a pivotal substantive question out of the case. Accordingly, I regard the Court's present action not as some extraordinary "retroactive expan[sion]," Dissenting Statement at 192, 160 A.3d at 125, but rather, as an appropriate correction which, importantly, conforms entirely with the briefs submitted to this Court by the litigants.

Second, as to the waiver concern, running throughout Appellant Bristol's submissions in the common pleas and intermediate courts is the assertion that "Erie's claim that this matter is barred by the applicable statute of limitations is without merit because, by agreeing to resolve this matter through arbitration, there was no need for and *no legal* or contractual *requirement* that Michael Bristol file a Complaint, Petition to Compel Arbitration or any other pleading." Defendant's Motion for Summary Judgement in *Erie Ins. Exch. v. Bristol*, No. 2013–12947, 2014 WL 11770053 (C.P. Montgomery), at 6–7 (emphasis added).[1] Although it would have been best for Appellant to forthrightly indicate in the common pleas court that he understood that the court was bound by prevailing Superior Court precedent concerning the timing of the commencement of the limitations period, but that he wished nevertheless to preserve a challenge for purposes of potential

---

1. The dissent's assertion that the case substantively was always and entirely about equitable tolling overlooks Appellant's contention—also advanced in the petition for allowance of appeal—that there was no legal requirement to act in the first instance. *See* Petition for Allowance of Appeal at 11 (contending that "the event that triggers a party's obligation to seek judicial intervention, *i.e.*, the refusal to arbitrate, never occurred here"); *see also id.* at 12 ("By agreeing to resolve this matter through arbitration, there was no need for and no legal or contractual requirement that [Appellant] file a Complaint, Petition to Compel Arbitration, or any other pleading."). In the absence of an underlying legal requirement to affirmatively preserve a cause of action, there is no predicate for equity to intervene, and nothing to be tolled.

appellate review, I believe that his arguments have been phrased broadly enough to substantively subsume the commencement issue.

Significantly, moreover, nowhere in Appellee's present brief does the company contend that the commencement issue is waived. Indeed, Appellee repeatedly invites this Court to review the issue and to institutionalize the prevailing Superior Court precedent on the subject. *See, e.g.*, Brief for Appellee at 27 ("[T]his Court should uphold the *Hopkins* rule that provides a sensible and easy to establish time for the statute of limitations to begin to run."). In my view, the *sua sponte* scouring of trial records to identify waiver concerns—when all litigants agree that an important issue is presented that should be resolved by this Court—can be disruptive. In this regard, I have often commented on the prudential roots of the waiver doctrine, and, from my perspective, its proper application through discerning judgment.

Finally, attempting to decide a tolling question in the absence of a settled understanding as to when the applicable limitations period commences is fraught with difficulties. For instance, it may be that the Court would find tolling appropriate *only* if the statute runs from the date of injury, as the intermediate-court precedent holds. Tolling, in this regard, could be viewed as compensation for an underlying approach to commencement with which the Court disagrees. Were the Court to proceed on such a basis, it would issue a decision having application only within an underlying framework of the Superior Court's design, which could later be rejected by this Court. Our decision, of course, would need to be carefully crafted with all the necessary disclaimers to avoid adoption of a regime that this Court has never previously addressed.

I see no reason that such abstractions need to come into play here. Rather, I regard the Court's present amendatory order as an appropriate one.

Justices Baer, Todd, Donohue, Dougherty and Mundy join this concurring statement.

192

## DISSENTING STATEMENT

JUSTICE WECHT

Today's learned Majority is eager to decide the point at which a cause of action should accrue in the context of an uninsured motorist coverage dispute; so eager, in fact, that the Majority takes the unusual step of retroactively expanding and resculpting the scope of our December 29, 2016 *allocatur* grant. This is ill-advised.

The Majority begins by purporting to adopt the issue statement "as originally framed in [Bristol's] Petition for Allowance of Appeal," but then proceeds to venture that it "understands this issue to encompass" arguments regarding when "a cause of action accrues—thereby triggering the commencement of the statutory period for bringing a claim." *Per Curiam* Order at 189, 160 A.3d at 123–24. The provenance of this understanding is unknown. Indeed, one may search through Bristol's petition for allowance of appeal all day long but in vain for any objection concerning the time at which his cause of action accrued. The issue that Bristol raised in his petition concerns what a claimant must do to *toll* the statute of limitations. The Majority's willingness now to reach back in time and reshape the case suggests a "build to suit" approach that is jurisprudentially unsound and antithetical to principles of judicial restraint.

Michael Bristol has waived the issue that Today's Majority desires to resolve. One need not "scour[ ] . . . trial records to identify waiver" here.[1] This case is and always was about tolling; even a casual reading of the lower court opinions suffices to make this clear. In the trial court, Bristol never took the position that the four-year statute of limitations governing uninsured motorist claims begins to run only when an insurer explicitly rejects the claim. To the contrary, Bristol conceded that the applicable limitations period commenced on the date of the alleged vehicle accident. *See* Bristol's Answer to Erie's Motion for Summary Judgment, 10/10/2014, at 2 ¶ 22

1. Concurring Statement at 190–91, 160 A.3d at 124–25.

(admitting that the limitations period in this case commenced on July 22, 2005).

Bristol's sole argument in opposition to Erie's motion for summary judgment was that Erie "should be estopped from asserting the statute of limitations as a defense" because: (1) Bristol notified Erie that he intended to pursue an uninsured motorist claim *"within four years of the date of the accident;"* and (2) Erie agreed to proceed to arbitration and then appointed an arbitrator.[2]

Consistent with his position at the trial level, Bristol raised the following issue on appeal to the Superior Court:

Does the four-year statute of limitations under 42 [Pa.C.S.] § 5525 bar a claim for uninsured motorist benefits when:

The parties had agreed to arbitrate the claim in accordance with the terms of the policy;

The parties had selected their respective arbitrators, but had not yet agreed upon the selection of a neutral arbitrator;

The claimant had provided a statement under oath to the insurer;

The insurer does not allege, and the trial court does not find, that the insurer was prejudiced by any delays in proceeding to arbitration?

**2.** Bristol's Answer to Erie's Motion for Summary Judgment at 4, 9 (emphasis added); *see also* Notes of Testimony, 3/11/2015, at 14 (counsel for Bristol arguing that Bristol would have been required to file a petition to compel arbitration if Erie had not appointed an arbitrator). Bristol's contention that "there was no need for and no legal or contractual requirement that [he] file a Complaint, Petition to Compel Arbitration[,] or any other pleading" is entirely consistent with his argument that the parties' *extra-judicial* acts tolled the statute of limitations. Bristol's Answer to Erie's Motion for Summary Judgment at 6–7. Chief Justice Saylor seems to suggest that this vague sentence "subsume[s] the commencement issue." Concurring Statement at 190–91, 160 A.3d at 124. Respectfully, it does not. Lest there be any doubt, the language appears just two pages after Bristol's concession that the statute of limitations began to run on July 22, 2005, and three pages before Bristol takes the position that his claim is not time barred because he informed Erie that he was pursuing an uninsured motorist claim "within four years of the date of the accident." *Id.* at 2, 9.

Superior Court Opinion, 1119 EDA 2015, at 4 (quoting Bristol's Superior Court brief).

In other words, Bristol did not dispute that the four-year limitations period commenced on the date of the accident. Instead, he argued that the above facts *tolled* the statute of limitations. It is perhaps unsurprising, then, that this Court's December 29, 2016 Order granting Bristol's petition for allowance of appeal focused upon whether "extra-judicial actions," such as an informal demand for arbitration or the appointment of arbitrators, can "toll the statute of limitations." 639 Pa. 187, 160 A.3d 123 (2016).[3]

Under prevailing Superior Court precedent, Bristol's cause of action against Erie accrued when his right to payment under the insurance contract vested (*i.e.*, on the date of the vehicle accident). *See Boyle v. State Farm Mut. Auto. Ins. Co.*, 310 Pa.Super. 10, 456 A.2d 156, 162 (1983). I have no objection to this Court, in an appropriate case, adopting a different rule. But this is not an appropriate case. Even if one assumes that this Court has leeway to rewrite an issue statement *after* the parties have briefed and argued a case (and I do not so assume),[4] the fact remains that Bristol has waived the issue that the Court—after today's order—is poised to decide.

It is not simply that "it would have been best" for Bristol "to preserve a challenge for purposes of potential appellate review." Concurring Statement at 190–91, 160 A.3d at 124. Rather, it was mandatory. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Barnes*, 637 Pa. 493, 151 A.3d 121, 124 (2016) ("Typically, an appellant waives

**3.** It is true that Bristol, in his brief to this Court, now takes the position that his cause of action against Erie never even accrued. *See* Brief for Bristol at 10. But that does not mean that the Court should decide an unpreserved issue. If anything, rewarding Bristol for briefing an issue outside the scope of our *allocatur* grant will only encourage future litigants to do the same.

**4.** This is, of course, distinct from the situation in which the Court rephrases an appellant's issue statement at the *allocatur* stage, usually in an effort to promote clarity or to discourage the parties from briefing extraneous matters.

any claim that is not properly raised in the first instance before the trial court and preserved at every stage of his appeal."); *City of Phila. v. Lerner*, 637 Pa. 605, 151 A.3d 1020, 1026 (2016) (Saylor, C.J., dissenting) (noting that "[t]his Court, of course, has moved far away from [the waiver doctrine's] prudential roots in the direction of strict enforcement of waiver").

With regard to the suggestion that the practice of assuming, but not deciding, the correctness of an intermediate court decision is "fraught with difficulties," Concurring Statement at 190–91, 160 A.3d at 124–25, the obvious answer is that this Court should simply decline to review cases that will require such maneuvering. Notably, however, this Court often has little difficulty resolving appeals while avoiding unpreserved issues of first impression. *See e.g., Duffey v. W.C.A.B. (Trola-dyne, Inc.)*, 638 Pa. 55, 152 A.3d 984, 986 n.4 (2017) (assuming "the validity of the Commonwealth Court's precedent"); *Commonwealth v. Kingston*, 636 Pa. 438, 143 A.3d 917, 922 n.3 (2016) (assuming, without deciding, that prevailing Superior Court precedent is correct).

If adhering to our own rules of appellate procedure is too "disruptive," Concurring Statement at 191, 160 A.3d at 125, it seems to me that we should seek to amend them. Selective enforcement is not the solution. At that point, rules become mere suggestions. And we can then dispense with the notion that equity is cabined by law. "This is a court of review, not a tribunal unbounded by rules. We do not sit ... dispensing justice according to considerations of individual expediency." *Terminiello v. City of Chicago*, 337 U.S. 1, 11, 69 S.Ct. 894, 93 L.Ed. 1131 (1949) (Frankfurter, J., dissenting).

I respectfully dissent.