**[J-45-2017]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | No. 124 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| v. | : | Court dated May 27, 2016 at No. 1119 |
| | : | EDA 2015 which Affirmed the Order of |
| | : | the Court of Common Pleas of |
| MICHAEL BRISTOL AND RCC, INC. | : | Montgomery County, Civil Division, |
| | : | dated March 20, 2015 at No. 2013- |
| | : | 12947. |
| APPEAL OF: MICHAEL BRISTOL | : | |
| | : | ARGUED: May 10, 2017 |

**DISSENTING STATEMENT**

**JUSTICE WECHT**                                                   **FILED: May 24, 2017**

Today's learned Majority is eager to decide the point at which a cause of action

should accrue in the context of an uninsured motorist coverage dispute; so eager, in

fact, that the Majority takes the unusual step of retroactively expanding and resculpting

the scope of our December 29, 2016 *allocatur* grant. This is ill-advised.

The Majority begins by purporting to adopt the issue statement "as originally

framed in [Bristol's] Petition for Allowance of Appeal," but then proceeds to venture that

it "understands this issue to encompass" arguments regarding when "a cause of action

accrues – thereby triggering the commencement of the statutory period for bringing a

claim." *Per Curiam* Order at 1-2. The provenance of this understanding is unknown.

Indeed, one may search through Bristol's petition for allowance of appeal all day long

but in vain for any objection concerning the time at which his cause of action accrued.

The issue that Bristol raised in his petition concerns what a claimant must do to *toll* the

statute of limitations. The Majority's willingness now to reach back in time and reshape

the case suggests a "build to suit" approach that is jurisprudentially unsound and antithetical to principles of judicial restraint.

Michael Bristol has waived the issue that Today's Majority desires to resolve. One need not "scour[ ] . . . trial records to identify waiver" here.[1] This case is and always was about tolling; even a casual reading of the lower court opinions suffices to make this clear. In the trial court, Bristol never took the position that the four-year statute of limitations governing uninsured motorist claims begins to run only when an insurer explicitly rejects the claim. To the contrary, Bristol conceded that the applicable limitations period commenced on the date of the alleged vehicle accident. *See* Bristol's Answer to Erie's Motion for Summary Judgment, 10/10/2014, at 2 ¶22 (admitting that the limitations period in this case commenced on July 22, 2005).

Bristol's sole argument in opposition to Erie's motion for summary judgment was that Erie "should be estopped from asserting the statute of limitations as a defense" because: (1) Bristol notified Erie that he intended to pursue an uninsured motorist claim "*within four years of the date of the accident*;" and (2) Erie agreed to proceed to arbitration and then appointed an arbitrator.[2]

---

[1] Concurring Statement at 2.

[2] Bristol's Answer to Erie's Motion for Summary Judgment at 4, 9 (emphasis added); *see also* Notes of Testimony, 3/11/2015, at 14 (counsel for Bristol arguing that Bristol would have been required to file a petition to compel arbitration if Erie had not appointed an arbitrator). Bristol's contention that "there was no need for and no legal or contractual requirement that [he] file a Complaint, Petition to Compel Arbitration[,] or any other pleading" is entirely consistent with his argument that the parties' *extra-judicial* acts tolled the statute of limitations. Bristol's Answer to Erie's Motion for Summary Judgment at 6-7. Chief Justice Saylor seems to suggest that this vague sentence "subsume[s] the commencement issue." Concurring Statement at 2. Respectfully, it does not. Lest there be any doubt, the language appears just two pages after Bristol's concession that the statute of limitations began to run on July 22, 2005, and three pages before Bristol takes the position that his claim is not time barred because he informed Erie that he was pursuing an uninsured motorist claim "within four years of the date of the accident." *Id.* at 2, 9.

Consistent with his position at the trial level, Bristol raised the following issue on appeal to the Superior Court:

Does the four-year statute of limitations under 42 [Pa.C.S.] § 5525 bar a claim for uninsured motorist benefits when:

The parties had agreed to arbitrate the claim in accordance with the terms of the policy;

The parties had selected their respective arbitrators, but had not yet agreed upon the selection of a neutral arbitrator;

The claimant had provided a statement under oath to the insurer;

The insurer does not allege, and the trial court does not find, that the insurer was prejudiced by any delays in proceeding to arbitration?

Superior Court Opinion, 1119 EDA 2015, at 4 (quoting Bristol's Superior Court brief).

In other words, Bristol did not dispute that the four-year limitations period commenced on the date of the accident. Instead, he argued that the above facts *tolled* the statute of limitations. It is perhaps unsurprising, then, that this Court's December 29, 2016 Order granting Bristol's petition for allowance of appeal focused upon whether "extra-judicial actions," such as an informal demand for arbitration or the appointment of arbitrators, can "toll the statute of limitations." Order, 439 MAL 2016 (Dec. 29, 2016).[3]

Under prevailing Superior Court precedent, Bristol's cause of action against Erie accrued when his right to payment under the insurance contract vested (*i.e.*, on the date of the vehicle accident). *See Boyle v. State Farm Mut. Auto. Ins. Co.*, 456 A.2d 156, 162 (Pa. Super. 1983). I have no objection to this Court, in an appropriate case, adopting a different rule. But this is not an appropriate case. Even if one assumes that this Court has leeway to rewrite an issue statement *after* the parties have briefed and

_____

[3] It is true that Bristol, in his brief to this Court, now takes the position that his cause of action against Erie never even accrued. *See* Brief for Bristol at 10. But that does not mean that the Court should decide an unpreserved issue. If anything, rewarding Bristol for briefing an issue outside the scope of our *allocatur* grant will only encourage future litigants to do the same.

argued a case (and I do not so assume),[4] the fact remains that Bristol has waived the issue that the Court—after today's order—is poised to decide.

It is not simply that "it would have been best" for Bristol "to preserve a challenge for purposes of potential appellate review." Concurring Statement at 2. Rather, it was mandatory. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Barnes*, 151 A.3d 121, 124 (Pa. 2016) ("Typically, an appellant waives any claim that is not properly raised in the first instance before the trial court and preserved at every stage of his appeal."); *City of Phila. v. Lerner*, 151 A.3d 1020, 1026 (Pa. 2016) (Saylor, C.J., dissenting) (noting that "[t]his Court, of course, has moved far away from [the waiver doctrine's] prudential roots in the direction of strict enforcement of waiver").

With regard to the suggestion that the practice of assuming, but not deciding, the correctness of an intermediate court decision is "fraught with difficulties," Concurring Statement at 2-3, the obvious answer is that this Court should simply decline to review cases that will require such maneuvering. Notably, however, this Court often has little difficulty resolving appeals while avoiding unpreserved issues of first impression. *See e.g.*, *Duffey v. W.C.A.B. (Trola-dyne, Inc.)*, 152 A.3d 984, 986 n.4 (Pa. 2017) (assuming "the validity of the Commonwealth Court's precedent"); *Commonwealth v. Kingston*, 143 A.3d 917, 922 n.3 (Pa. 2016) (assuming, without deciding, that prevailing Superior Court precedent is correct).

If adhering to our own rules of appellate procedure is too "disruptive," Concurring Statement at 2, it seems to me that we should seek to amend them. Selective

---

[4]   This is, of course, distinct from the situation in which the Court rephrases an appellant's issue statement at the *allocatur* stage, usually in an effort to promote clarity or to discourage the parties from briefing extraneous matters.

enforcement is not the solution. At that point, rules become mere suggestions. And we can then dispense with the notion that equity is cabined by law. "This is a court of review, not a tribunal unbounded by rules. We do not sit . . . dispensing justice according to considerations of individual expediency." *Terminiello v. City of Chicago*, 337 U.S. 1, 11 (1949) (Frankfurter, J., dissenting).

I respectfully dissent.